## Chicago, Rock Island & Gulf Railway Company v. W. C. Groner ET AL.

### No. 1669.    Decided March 13, 1907.

**1.—Continuance—Amendment—New Cause of Action.**

Where a new cause of action is set up by amendment, defendant's application for continuance for evidence to meet such new action is to be treated as a first application, though he may have previously had a continuance of the suit as originally brought.   (Pp. 415, 416.)

**2.—Same—Suit for Personal Injuries—Resulting Death.**

A husband, suing for personal injuries to his wife by negligence, after the case had been once continued by defendant, amended, alleging her death as a result of the injuries, and suing for damages therefor to himself and their children. Held, that the amendment presented a new cause of action; that defendant's application for continuance to procure evidence to meet it, if complying with the law, was a first application, and not in the discretion of the court; that this was not affected by the fact that the original petition had alleged that death would probably result from the injuries.   (Pp. 415, 416.)

Error to the Court of Civil Appeals for the Second District, in an appeal from Jack County.

Groner and others sued the railway company and had judgment. Defendant appealed, and, on affirmance, obtained writ of error.

*N. H. Lassater, Robert Harrison* and *Sil. Stark,* for plaintiff in error. —The evidence set out in the application was of the utmost importance to the defendant, and, as the necessity for it arose only after the amendment was filed, the defendant was entitled to a reasonable time to procure it.   The original suit abated at the time of Mrs. Groner's death, and the amendment presented a new cause of action, and, technically, the defendant was entitled to have the original suit dismissed and a new citation served on it before it was required to answer the new cause of action set up.   It was, for a stronger reason, entitled to a continuance to defend against the new cause of action, if, as the appellant shows, it was not prepared with evidence to refute it.   International & G. N. Ry. Co. v. Ellyson, 75 S. W. Rep., 869; International & G. N. Ry. Co. v. Boykin, 74 S. W. Rep., 95; Low, H. & G. Water Co. v. Hickson, 74 S. W. Rep., 782; Houy v. Gamel, 62 S. W. Rep., 76.

*Nicholson & Fitzgerald,* for defendants in error.—The application for a continuance, being defendant's second application for a continuance of said cause, and the subpoenas attached to said application having been issued six months prior to the date of said application, and having been disobeyed at a former term of the court, and the testimony to be proven by the witnesses, Beulah Hornback and Georgia Light, being only a matter of opinion, and not admissible, and the expert testimony of the physicians, expected to be proven, not being probably true (because a number of expert witnesses for defendant testified on the trial of the case, and would not swear that they could tell about whether or not Mrs. C. C. Groner contracted consumption prior to November 8, 1904), there

was no error in the action of the court in overruling said application. The amended original petition of plaintiff did not set up a new cause of action, and said application failing to show any diligence, it was overruled. Missouri, K. & T. Ry. Co. v. Wright, 19 Texas Civ. App., 49; Belknap v. Groover, 56 S. W. Rep., 249; Owen v. Cibolo Creek, etc., Mining Co., 43 S. W. Rep., 297. On question of new cause of action, see Gulf, C. & S. F. Ry. Co. v. Richards, 11 Texas Civ. App., 102; Lee v. Boutwell, 44 Texas, 152.

WILLIAMS, Associate Justice.—On the 30th day of January, 1905, W. C. Groner sued the plaintiff in error to recover of it damages sustained by himself and his wife through the exposure of Mrs. Groner to cold in two of the stations of the railroad company, while she was waiting therein, as a passenger, the arrival and departure of its trains on which she was to take passage. He alleged that, through the negligence of the defendant in failing to keep its stations properly heated, Mrs. Groner had contracted cold, and been made so seriously ill that death would probably result; and sought a recovery for damages sustained by himself in the loss of her services while sick, and in expenses incurred by him for medicines, medical treatment, etc., and by her in mental and physical suffering. Thereafter Mrs. Groner died, and on the 12th day of August, 1905, the pleading on which was had the trial, as the result of which the judgment now under revision was recovered, was filed by him as an amended petition in the same case in behalf of himself and of the children of his deceased wife, they being all of her heirs, in which, after repeating the facts alleged in the original petition, it was alleged that Mrs. Groner had died as the proximate result of the injury stated, and damages for such death were claimed in addition to those originally sued for. On the same day, an answer having been filed to this pleading, and the cause being called for trial, the defendant asked for a continuance on the ground that the cause of action for damages for the death of Mrs. Groner was then for the first time set up, and that, for this reason, testimony had not been procured to meet it. The application gave the names of several witnesses, some of whom were women residing in the county where the cause was pending who refused to obey subpoenas, and others of whom were physicians residing in other counties, stating the facts which the defendant expected to prove by each of them in such way as to show the materiality of the desired testimony to the issue as to the cause of the death. We give the substance and general nature of the application only, as a more specific statement is not material to the question raised.

It is not claimed that the application was not full enough, the reasons given in support of the action of the court in refusing the continuance being that the application was for a second continuance, and was addressed to the discretion of the court; that the defendant was not surprised by the allegation of new facts, having been notified by the allegations of the former pleading that death would probably result from the injury therein alleged; and that defendant, in fact, adduced upon the trial evidence from other sources tending to establish the facts which it expected to prove by the witnesses whose testimony it desired to obtain.

We are unable to see that these reasons are sound. That the amended pleading set up a new cause of action, insofar, at least, as it sought a recovery for the death of Mrs. Groner, is quite plain. This right of recovery was not, and could not have been, set up in the action as originally brought, because it did not arise until after the death had occurred. Had not the defendant been in court it would have been entitled to new service before it could have been required to answer. (Morrison v. Walker, 22 Texas, 19; Connally v. Hammond, 58 Texas, 21; Henderson v. Kissom, 8 Texas, 53.)

While plaintiffs are permitted, under proper conditions, to set up new causes of action by amending their pleadings, the exercise of this right is not to be allowed to work injury to the defendant. He is entitled to a reasonable time in which to make preparation to meet the matters thus alleged against him, just as he is upon the institution of an original action. (Railway Co. v. Henning, 52 Texas, 424.) Hence an application for continuance for such a purpose is to be regarded as a first application, as it is the first which seeks a continuance of the new cause. For this reason, the allegation of the original petition that the death of Mrs. Groner would probably result from the causes stated, does not affect this question. A defendant is not required to make preparation to defend an action until it has been brought. It can not be assumed that the preparation which the defendant had made for the defense of the original action was all that it desired to make, and could make, to meet the new one. The issue as to the cause of the death was not in the former, but lay at the foundation of the latter. In fact, the application showed that testimony could be procured to affect that issue which had not before been thought necessary. Nor is the objection to the ruling of the court met by the fact that some evidence was produced by the defendant of the same character as that for which the continuance was sought. This consideration has weight where time and opportunity to procure evidence have been allowed and further delay is sought, but does not properly affect the question here.

The defendant was entitled to a reasonable opportunity to bring all the evidence upon the issue which it could produce and thought important to its defense, and could not properly be denied this right so long as it was not in default. The District Court erred in not continuing the case, and the Court of Civil Appeals erred in affirming its action.

*Reversed and Remanded.*