An application for a writ of error in this case was refused and, afterwards, on motion for rehearing, was granted, because it was thought that probably the trial court had committed error in refusing the plaintiff in error, who was defendant below, a continuance upon its application. We shall confine our opinion to that question.
The action was originally brought in behalf of Aline Howell, Vannie Howell and Sullivan Howell, minor children of Henry Howell, by their next friend, George M. Cecil, to recover damages for the negligent killing of Henry Howell by the servants of the defendant. On the day the cause was called for trial, the petition was amended so as to allege that the deceased left a widow, Mrs. Nannie Howell, and another child, Edward Howell, the former of whom was non compos mentis, and the latter an infant four years of age, and to ask that the cause might be prosecuted in their behalf, also, by Cecil as next friend. On the same day a plea of intervention was filed in their behalf, by Cecil as next friend, for the same purpose. The defendant answered both the amended petition and the plea of intervention. It also filed an application for continuance in which it called attention to the claim, then first set up in behalf of Nannie and Edward Howell, and asserted that without such amendment *Page 605 
no valid judgment could have been rendered against it and, therefore, it was not called upon to make the same degree of preparation in defending the action against the original plaintiffs as was required to meet the action as presented after such changes, and "it will work great and irreparable hardship upon the defendant to be forced to trial now to answer demands that had not heretofore been made upon it." The application continued as follows: "This defendant has made no investigation as to the amount which the said Nannie Howell, widow, would have probably hereafter received out of the wages and earnings of the deceased, Henry Howell, and has made no investigation of the loss to the said Edward Howell on account of the death of the said Henry Howell, and it is now wholly unable to rebut any proof or to show the actual pecuniary loss which the said Nannie Howell, widow, and the said Edward Howell, minor, have sustained by reason of the death of the deceased, Henry Howell." The application also asserted that the amended petition claimed damages in behalf of all the children not claimed in the original petition, but the allegations thus pointed out were abandoned by plaintiffs and this needs no further notice.
It was made to appear upon the hearing of the application that the attorneys for plaintiffs first learned of the existence of the widow and the other child about three days before the filing of the new pleadings and that they then informed the attorneys for the defendants of the fact and were told that the latter had known it for about two weeks. No recovery was had in behalf of Mrs. Nannie Howell, but of the $5,000 allowed by the jury the sum of $1,333.33 was apportioned to Edward.
The amended pleading unquestionably asserted a new cause of action, and if the defendant had not answered to it, nor appeared, nor had other notice of it, service of process upon it would have been necessary to enable the plaintiffs to proceed to judgment; but the defendant voluntarily waived notice by answering to the new demands set up against it, and was thenceforth in court to respond to them. It, of course, had the same right that defendants generally have to continue the cause upon sufficient grounds, but it is not true, as its counsel seem to contend, that it had the right to a continuance as a matter `of law arising merely from the change in the plaintiffs' pleadings without showing a necessity therefor. The contrary has often been held. Texas N.O. Ry. Co. v. Goldberg, 68 Tex. 686
[68 Tex. 686]; Beham v. Ghio, 75 Tex. 87; Johns v. Northcutt, 49 Tex. 444; Cummings v. Rice, 9 Tex. 527.
Rule 16, regulating the practice in the District Court, expresses substantially the result of the decisions of this court upon the subject of continuance upon the ground of surprise caused by changes in pleadings, and provides that such surprise is to be judged of by the court and that the continuance is to be granted "if the party shall make a satisfactory showing, or if it otherwise be apparent that he is not ready for trial on account of said supplement or amendment." The court may allow the continuance without a showing if the propriety of granting it "otherwise be apparent;" but if it be not so apparent the party must make it so by a showing. As *Page 606 
to the character of the showing to be made it is intimated in some of the cases that the party should show that he can procure evidence to meet the new demand which he was not called upon to procure as the case formerly stood and which he has had no opportunity to procure since the change. This may be true in many cases, and such a showing should be required where the circumstances are such as to indicate that the party has knowledge of the facts to be shown to meet the new cause of action and only needs time to procure evidence known to exist in order to show them. But cases may arise in which, for want of opportunity to inquire, the party may be ignorant of the true facts affecting the cause of action just set up against him and should be allowed time to investigate, and should not, in order to secure it, be required to point out facts which he can prove and witnesses by whom he can prove them. But whatever be the necessity for the continuance, the facts constituting it must be stated and submitted to the judgment of the court in order to entitle the party to demand the delay as a matter of right.
It is true, as said by counsel for plaintiff in error, that the original plaintiffs could not legally have recovered judgment on the first pleadings over proper objections of the defendant, for the reason that Mrs. Howell and the other child were necessary parties. This is a very different proposition from the further one stated, that a judgment recovered in such state of the pleadings would have been void; but that does not affect the question we are considering. If the defendant was content to pursue that course, it was in a position, before the new parties were brought in, to depend upon the lack of proper parties plaintiff and, upon its right, when the existence of other necessary parties plaintiff should be developed, to insist either that the cause be dismissed or that the other parties be brought in. Cunningham v. State, 74 Tex. 511. But the plaintiffs had the right at any time to amend their pleadings so as to introduce the other beneficiaries, subject only to the restrictions put upon the right of amendment by our rules of procedure. When this was done and the defendant answered, there was no reason why the cause should not proceed to trial unless delay was necessary in order to enable the defendant to meet the cause as changed. Of course a defendant ought never to be forced into an immediate trial under such circumstances if he really needs further time to prepare and present his defenses, since he is not required to prepare himself against demands not set up in the action. Chicago, R.I. G. Ry. Co. v. Groner, 100 Tex. 414
[100 Tex. 414]. But whether or not delay is necessary for such purpose depends upon all of the circumstances and is to be judged of by the trial court in the exercise of a sound discretion, which exercise is reversed by the Appellate Courts only when it appears to have been wrong.
The application for continuance did not state affirmatively that the defendant was surprised by the bringing in of the new parties, nor that evidence not at hand but which could be obtained, was necessary to meet the case as altered. It stated that the defendant had not investigated as to some of the matters involved, but did not state anything to indicate that any investigation was needed, or *Page 607 
would likely prove beneficial, or that the defendant did not know all facts essential to its defense without investigation. The matters referred to, so far as they are now involved, were not of a nature to render it probable that any investigation was needed. The facts upon which depended its liability for the death and the extent of the right of recovery of all the plaintiffs, except Nannie Howell and Edward Howell, had been in question from the first. All question as to the right of Nannie Howell is taken out of the case by her failure to recover. It was, in effect, admitted that Edward Howell was the infant child of the deceased and his right of action for the value of support and maintenance, during infancy, followed as a matter of course, if liability for the death were fixed upon the defendant. Neither the nature of the case nor the showing made suggested anything to be learned as to the child by investigation that would not necessarily come out in the development of the case. On account of the tender age of the child few facts could be laid before the jury to aid their judgment in fixing the amount of his damage. Nor did the course of the trial or the motion for new trial give rise to any suggestion of the existence of other evidence than that which was adduced. The motion merely complained of the overruling of the application for continuance, and made no claim that the defendant had been prevented from getting all the evidence which might affect the question as to the right of recovery of Edward Howell or of the amount to which he was entitled. Texas N.O. Ry. v. Goldberg, 68 Tex. 688.
We have examined the facts concerning this question with great care and have written at some length because we realize the necessity of careful discrimination in forcing parties to trial upon new causes of action so soon after they are set up against them in order to avoid the denial of their right to reasonable time in which to prepare and present their defenses; but we have reached the conclusion that no good reason existed for delay in this case to meet the claim of Edward Howell.
Affirmed.