STATE *ex rel.* INDEPENDENCE COUNTY *v.* CITIZENS BANK & TRUST COMPANY.

Opinion delivered July 12, 1915.

1. CONTRACTS—ACCEPTANCE OF BENEFITS—RIGHT TO REPUDIATE.—A party who has had the benefit of an agreement can not be permitted in an action founded upon it, to question its validity.

2. COUNTY DEPOSITORY—ILLEGAL APPOINTMENT—INTEREST ON FUNDS DEPOSITED.—A bank was appointed county depository, and after holding county funds six months, was required to give up same, because its bid, looking to becoming the county depository, was not in proper form. *Held*, the bank will be required to pay to the county the interest stipulated in its agreement, for the length of time the county funds were deposited with it, under the supposed appointment.

Appeal from Independence Circuit Court; *Dene H. Coleman*, Judge; reversed.

STATEMENT BY THE COURT.

This suit was begun in the Independence Circuit Court by the appellant against the appellees to recover interest claimed to be due Independence County from the Citizens Bank & Trust Company (which, for convenience, we will hereafter designate as the bank), while acting as county depository. The appellant alleged, in substance, that the bank was duly designated as a depository for Independence County on the 13th of January, 1913, and that it executed its bond to the State of Arkansas in the sum of $100,000, with W. P. Jones, W. J. Erwin, C. F. Cole and H. C. Wade as sureties; that the bond was conditioned that the bank should faithfully fulfill its duty as such depository and should promptly pay all interests as such depository quarterly to Independence County; that in accordance with the order of the county court the funds of Independence County were turned over to the bank, and in acting as such depository it held the funds

of the county for a period of six months, when it was determined by the Supreme Court that the bid submitted by the bank to become the depository was not a legal bid, and after such decision it ceased to be or act as such depository; that the bank failed to pay the interest due the county for the time it held its funds as county depository, and is now due the county for such interest the sum of $661.69, with interest on that sum from the 12th day of July, 1913, at the rate of 6 per cent. per annum; that demand had been made upon the bondsmen above named for such sum. The complaint concluded with a prayer for the above sum, with interest, and in addition the sum of $100 damages.

A copy of the order of the county court designating the bank as the county depository and also a copy of the bond were made exhibits to the complaint. The bond, which was made an exhibit to the complaint, recites as follows:

"The condition of the above obligation is that, whereas, the said Citizens Bank & Trust Company has been selected by the county court of Independence County, Arkansas, as the depository of all funds of said county, including school funds for a period of two years from February 5, 1913, and has agreed to pay to said county and the respective funds interest on the daily balances thereof, at the rate of 4½ per cent. per annum, and has otherwise accepted said trust with all the duties and obligations appertaining thereto.

"Now, if the said Citizens Bank & Trust Company, depository as aforesaid, shall pay said interest * * * so long as funds shall be in said depository to the credit of said county; * * * and shall otherwise duly and faithfully and properly perform all and singular the duties and obligations devolving by law upon said depository, then this shall be void; otherwise, to remain in full force and effect."

The act creating county depositories, Act 208, Acts of 1907, page 485, as amended by Act 258 of the Acts of 1911, page 253, requires that the interest shall be com-

puted upon daily balances to the credit of the county, and payable quarterly. The allegations of the complaint showed that the appellee bank held the funds of appellant, Independence County, under the orders of the county court designating it as the county depository, for a period of six months, or two quarters, beginning on January 13, 1913, and ending July 12, 1913, at which latter date the Supreme Court decided that the bank was not the legal depository of Independence County because it had not made the bid in compliance with the statute creating such depositories.

The defendants entered a demurrer to the complaint, setting up that it "did not state facts sufficient to entitle plaintiff to recover thereon." The court sustained the demurrer, and plaintiff below, appellant here, electing to stand on the complaint, the court rendered judgment in favor of the defendants, appellees here, dismissing their complaint, and for costs. The plaintiff below, appellant here, duly excepted, and this appeal follows.

*Hugh W. Williamson,* Prosecuting Attorney, and *Samuel M. Casey,* for appellant.

1. The bank's bid was declared illegal in 109 Ark. 11. It is elementary that no one can take advantage of his own wrong or fraud. 94 Ark. 311. The bondsmen are estopped. 48 Ark. 254; 80 *Id.* 65.

2. The interest was payable quarterly on daily balances, Acts 1907, page 485, as amended by Acts 1911, page 252. The bank and bondsmen were clearly liable for six months' interest.

*C. F. Cole* and *McCaleb & Reeder,* for appellee.

1. There can be recovery on a bond which was void. If the bid was void as held in 109 Ark. 11, the bond was void. 30 How. Pr. 113. The obligee by its act put it out of the power of the obligor to perform the conditions of the bond. 26 Am. Dec. 180; 10 L. R. A. (N. S.) 414, 415.

2. One of the conditions of the bond was that the bank should have the money for two years. The breach of the bond rendered it void. 30 Ark. 186; 90 *Id.* 272;

10 Ark. 326.    The contract was an entirety and not divisible.    52 Ark. 257; 63 *Id.* 202; 22 *Id.* 158; 43 *Id.* 275.

WOOD, J., (after stating the facts).    Although the bid of the bank was illegal, as held by this court in *Casey* v. *Independence County,* 109 Ark. 11, nevertheless it had the effect of causing the county court to name the bank as depository, and the bank acting in the capacity of county depository proceeded to execute the bond, and the funds of the county were deposited with it and it had the use of these funds for a period of six months. This bid and bond were in the nature of a contract with the county to pay it the interest specified in the bid in the manner prescribed by law for county depositories during the time it held the funds.    The judgment of the circuit court affirming the judgment of the county court designating the bank as depository, although appealed from and finally reversed by this court, nevertheless went into effect for a period of six months.    During this time the bank, under this judgment, held and had the use of the county's funds, and it and its bondsmen must pay the interest they agreed to pay according to their bid and bond for the use of this money.    To hold otherwise would be to permit them to profit by their own illegal act, not intentional, to be sure, but nevertheless such would be the effect in law.    The bid of appellee bank was not immoral and no public policy forbade it.    This bid was declared illegal simply because it was not in compliance with the statute.    The bid and bond, as set up in the allegations of the complaint, in other words, constitute in effect an agreement between the bank and the county whereby the bank was to pay the county the sum of 4½ per cent. for the money that the county should deposit with it on daily balances to be paid quarterly.

The principle of law controlling here may be stated in the language of Mr. Justice Swayne, speaking for the Supreme Court of the United States in *Union National Bank* v. *Matthews,* 25 U. S. (L. C. P. Ed.) 188-190: "A party who has had the benefit of an agreement can not be permitted in an action founded upon it to question its va-

lidity. It would be in the highest degree inequitable and unjust to permit a defendant to repudiate a contract the benefit of which he retains.''

While this is not strictly a contract *inter partes,* it is the same in legal effect and the same principle applies thereto.

The allegations of the complaint, for the purpose of this demurrer, must be taken as true, and the facts stated therein constitute a cause of action. The court, therefore erred in sustaining the appellees' demurrer thereto, and for this error the judgment is reversed and the cause remanded with directions to overrule the demurrer and for further proceedings according to law.