NEW JERSEY FIRE INS. CO. v. BAIRD et al. (No. 7550.)*

(Court of Civil Appeals of Texas. Dallas. May 13, 1916. Rehearing Denied June 24, 1916.)

1. CONTINUANCE ⬤⟿30 — RIGHT TO — DENIAL OF APPLICATION.

In an action on a fire policy where the insurer sought to defeat liability on the ground of other insurance, and its attorneys made inquiry as to how the defense would be met, and plaintiff's counsel stated that it would be traversed, the denial of a continuance requested, when, at trial, plaintiff filed an amended pleading setting up that the additional insurance was obtained with the knowledge and consent of the insurer, was not an abuse of discretion, where it did not appear that, had the continuance been granted, the insurer could have obtained evidence to rebut such defense.

[Ed. Note.—For other cases, see Continuance, Cent. Dig. §§ 99–112; Dec. Dig. ⬤⟿30.]

2. INSURANCE ⬤⟿376(3)—FIRE POLICIES—AUTHORITY OF AGENT.

A local agent of a fire company, authorized to solicit insurance, deliver policies, and collect premiums, may waive conditions and forfeitures in the policy regardless of the authority conferred by the insurer, unless the insured knows of such limitations on his authority.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 952, 955; Dec. Dig. ⬤⟿376(3).]

3. INSURANCE ⬤⟿383—FIRE INSURANCE—CONDITIONS—WAIVER.

A local insurance agent authorized to waive conditions and forfeitures contained in a fire policy may waive them by parol.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. § 1018; Dec. Dig. ⬤⟿383.]

Appeal from District Court, Dallas County; W. F. Whitehurst, Judge.

Action by Emma C. Baird and others against the New Jersey Fire Insurance Company, in which W. T. Henry and another were made parties. From a judgment for plaintiffs, and W. T. Henry and another, defendant appeals. Affirmed.

Senter & Synnott, of Dallas, for appellant. Short & Field and Leake & Henry, all of Dallas, for appellees.

RASBURY, J. Appellees sued appellant upon a policy of insurance issued by the latter to W. R. Lynch, insuring him against all direct loss or damage by fire to his two-story frame residence at 901 West Ninth street, Dallas, Tex., in an amount not exceeding $3,000. Appellees alleged that they were the owners of the insured premises as well as the beneficiaries in the policy of insurance. They also alleged that while the policy was in force the insured premises were totally destroyed by fire, subsequent to which they observed and performed all things required of them by the policy to be performed, and that appellant had investigated the loss and satisfied itself that it was bound upon the policy, and offered to pay appellees $2,700 thereon, which they refused. They made W. T. Henry, Esq., and S. J. McFarland, Esq., to whom the insurance was first payable as trustees for the Security National Bank, as security for an indebtedness of $2,500, parties to the suit, and prayed judgment for the full amount of the policy, according to its terms and the rights of the beneficiaries therein named.

For the purpose of this appeal appellant answered that the policy, save in reference to the amount of the bank debt for which it was liable in any event under its attached mortgage clause, was void and unenforceable for the reason that appellees had, without the consent of appellant, obtained additional insurance upon the insured premises. Appellant offered in its answer to pay the amount of the bank's claim, upon being subrogated to the bank's security under the provision in its policy conferring that right. By subsequent appropriate pleading, appellees alleged that appellant was cognizant of the additional insurance and consented thereto, which appellant in turn denied. The defendant trustees by appropriate pleading sought judgment against appellant for the amount of the debt due the bank. A jury was demanded and impaneled. Upon conclusion of the testimony the jury, in compliance with peremptory instruction from the court, returned verdict for the bank for $2,723.28, its accumulated debt, and for appellees for $419.22, the balance of the policy. Judgment was in accordance with the directed verdict and from which this appeal is prosecuted, save that no attack is made upon the verdict and judgment for the bank.

On November 25, 1912, W. R. Lynch was owner of the residence at 901 West Ninth street, Dallas, Tex., and the land upon which same was situated. On that date, appellant insured Lynch against loss on the building by fire to the extent of $3,000, with the loss payable to R. H. Clem, trustee, as his interest might appear. January 13, 1913, the

appellant by indorsement upon its policy made any loss thereunder payable to Messrs. Henry and McFarland, who were trustees for the Security National Bank, owner of a mortgage debt thereon. On and prior to February 10, 1913, Martha C. Beaupre acquired the property from Lynch. Before purchasing the property, however, Mrs. Beaupre called on Lynch, who represented himself to be the agent of appellant, and asked him if she could obtain additional insurance on the premises. With her was C. H. Verschoyle, the agent of the company, who proposed to write the additional insurance. After advising Lynch what she desired he, assuming to act for the appellant, told Mrs. Beaupre in effect that he consented to the additional insurance. After this conversation Mrs. Beaupre acquired the premises, the other policy of insurance was issued, and Lynch assigned the existing policy to Mrs. Beaupre, to which assignment appellant consented in writing. Afterward Mrs. Beaupre sold and conveyed the premises to C. F. Roderick, assigning the appellant's policy to him and to which appellant in writing consented. Roderick in turn sold and conveyed the premises to J. J. McClurg, assigning appellant's policy, and to which appellant also in writing consented. McClurg sold and conveyed the premises to appellee, Mrs. Emma C. Baird; she also assigning appellant's policy and to which appellant in writing consented. The other policy of insurance was in similar manner assigned to the successive purchasers of the land and premises. Subsequent to all of the foregoing, the insured premises were totally destroyed by fire. After the fire, agents of appellant attempted to adjust the loss with appellees, during which negotiations liability on the policy was not denied because of the additional insurance, although one of the agents knew of the additional insurance when he attempted an adjustment. Among other provisions of the policy was one declaring that the entire policy should be void, in the event the insured should procure other insurance on the premises without securing the consent of the insurer indorsed upon or added to the policy. There was no such indorsement upon the policy. The agency of Lynch was disputed by appellant, and we will state the facts on that issue at another place. Otherwise the foregoing is, in our language the substance of the essential facts adduced at trial.

[1] The first assignment of error complains of the action of the court in overruling appellant's application to continue the case. In the application it was shown, in substance, that the case was assigned for trial April 21, 1915, and that prior thereto appellant had filed answer denying liability on the policy on the grounds we have stated, and that from time to time thereafter inquiry was made of counsel for appellees in what manner they would meet such defense, and were told in effect that appellees would "merely traverse" appellant's answer. Appellant, because of counsel's statement, believed its plea would only be denied and the consequent issue accordingly cast; but when the case was called for trial appellees, by amended pleading, for the first time charged that the additional insurance was obtained with the knowledge and consent of appellant. It was further shown in the application that as result of the facts therein stated appellant was surprised and was not ready to go to trial. The foregoing fairly states the substance of the application; and, based thereon, we conclude the court did not err in overruling same. There was no claim made that there was evidence obtainable and necessary to meet the unexpected change in appellee's pleading on the issue tendered. Or that appellant did not know what the facts were in reference to the consent to other insurance, and desired further time in which to ascertain them. In such cases, whether the application should be granted is matter largely in the discretion of the trial court, and, in the absence of any showing that real injury resulted in refusing the application, that discretion will not be disturbed. I. & G. N. R. R. Co. v. Howell, 101 Tex. 603, 111 S. W. 142.

[2, 3] Following the assignment just discussed are a number of others challenging from various angles the action of the court in directing verdict for appellee. The first of the series of assignments, however, in our opinion comprehends and controls the others. Said assignment, in effect, asserts that Lynch was not an agent authorized in law to waive the provision of the policy precluding additional insurance on the premises unless appellant's consent thereto was attached or indorsed upon the policy. The issue thus raised makes it necessary for us to review the evidence in order to determine Lynch's relation to the company and his consequent right to waive the provision in the policy. The only evidence on that issue is that of Lynch. No officer, agent, or representative of appellant testified concerning Lynch's relation to the company, or denied or affirmed his right to waive the provision of the policy under discussion. Lynch's testimony on the precise question of agency, carefully analyzed, discloses the following facts: He was a builder, real estate and fire insurance agent and notary public. He was once the owner of the insured premises and sold them to Mrs. Beaupre. While she owned the premises Lynch was agent for appellant and had a "commission" as such, and during his agency issued policies for appellant. While he was such agent and while Mrs. Beaupre owned the property, he agreed as such agent that the additional insurance might be procured upon the premises. On cross-examination the witness stated that he did not pass upon risks, or issue the policies. The policies were, upon his report of applications therefor, written in the office of John R. Hancock

& Co. What he did was to solicit the insurance, deliver the policies, collect the premiums, and keep a set of books, wherein he charged John R. Hancock & Co. with his commission on each policy secured, and credited them in like manner with all paid.

Of the foregoing facts there is no contradiction. Lynch was a commissioned agent with authority, according to his statement, to solicit insurance, issue policies, and collect premiums. However, he did, on cross-examination, admit that the policies were written in and issued from the office of John R. Hancock & Co., who, we assume, were general agents, and that they passed on the risk. This admission is at most a limitation of his authority and does not at all disprove agency. Further, while the appellant, who commissioned Lynch as agent, was not compelled to deny or admit the agency, yet its failure to do so inferentially, at least, supports his claim that he was its agent. Then, under the uncontradicted facts of agency, with the admitted limitation, was he authorized to consent to the additional insurance? An accepted authority says that there "is a 'veritable maze' of conflict in regard to the authority of agents to waive forfeitures and conditions in insurance policies." 3 Cooley's Ins. Briefs, 2475. After pointing out that officers, general agents, and other agents with named powers may waive forfeitures and conditions, he adds that local agents likewise possess similar authority. We mention local agents for the reason that we conclude that Lynch was under the powers conferred upon him in contemplation of law a local agent. The authority just cited holds that while the term local agent is meaningless, so far as relates to such agent's authority, yet such agent is, in law, one who represents his company in a particular place or locality. Id. 2481. Lynch was such an agent, since it appears without dispute that he was commissioned by appellant, his authority being that which we have detailed. Admitting that as between Lynch and the appellant he was without authority to waive the provision of the policy he did waive, yet, according to Mr. Cooley, "if he is (the local agent), he has general authority to act for the company and can waive conditions and forfeitures, unless his authority is specifically limited, to the knowledge of the insured." Id. 2481–2, and cases cited. It does not appear from the evidence in this case that appellee had knowledge of the fact that Lynch was without authority to waive any provision of the policy. Hence the rule stated controls the disposition of this appeal, since, if Lynch being a local agent could, in the absence of knowledge on part of appellee to the contrary, waive the forfeiture clause, the case will necessarily have to be affirmed; since it is further well settled in this state at least that when the right to waive exists it may be done verbally, notwithstanding the provision of the policy that it shall be in writing. Crescent Ins. Co. v. Griffin, 59 Tex. 510; New Orleans Ins. Co. v. Griffin, 66 Tex. 232, 18 S. W. 505; Wagner & Chabot v. Westchester Fire Ins. Co., 92 Tex. 549, 50 S. W. 569.

The judgment is affirmed.