**BLAKENEY et al. v. JOHNSON COUNTY.**
(No. 6951.)

(Court of Civil Appeals of Texas. San Antonio. May 16, 1923. Rehearing Denied June 16, 1923.)

1. Appeal and error ⟨⟩759—Nothing indicating connection between proposition in brief and assignments of error, proposition not considered.

On appeal where assignments of error are set out in the back of the brief as required by rules 30 and 32 (230 S. W. vii), and the propositions placed in the forefront did not refer to the assignments and nothing indicates that they are based on fundamental error, the proposition will not be considered.

2. Appeal and error ⟨⟩1037—Parties ⟨⟩56—Overruling motion to quash citation on original petition because amended petition added new party and set out additional sums held proper, or not prejudicial.

Where an amended petition added an additional party and set up additional sums against defendant, and no motion for continuance setting up surprise was filed by defendants, and the new party was afterward dismissed from the suit, overruling a motion to quash citation on the original petition was without error or prejudice to defendants.

3. Process ⟨⟩6—Defendant in court charged with notice of amendments filed.

When a defendant is in court, he is charged with notice of amendments filed in the cause.

4. Judges ⟨⟩42—Judge held not ineligible because of owning land within two miles of highway to be benefited if plaintiff recovered.

In action by a county against the sureties of a bank to recover on bonds given by the bank as a depository of county funds, the fact that the trial judge owned land situated within two miles of a proposed highway, to the construction of which the commissioner's court appropriated whatever sum belonging to the county should be recovered, did not disqualify him.

5. Continuance ⟨⟩14(2)—Continuance for amended petition, which merely amplified original, properly denied.

Where an amended petition merely amplified and made more explicit a cause of action set up in the previous petition, and did not set up a new cause of action, refusal of a continuance on account of a special exception attacking the amended petition was not error.

6. Appeal and error ⟨⟩742(1)—Assignments of error not supported by statement overruled

Assignments of error which are not supported by any statements and carry no intelligible statement in themselves, will be overruled.

7. Appeal and error ⟨⟩728(1)—Assignments of error as to admission of books and records not showing grounds of objection overruled.

In an action against the sureties on bonds given by the bank as depository for county funds, assignments of error as to objections to passbooks and loose sheet records which failed to show reasonable grounds for objections thereto will be overruled.

8. Appeal and error ⟨⟩742(1)—Assignment of error presenting no objection as to evidence and not coupled with statement held without injury.

Where a case was tried by the court and other evidence was sufficient to sustain a judgment, admission of certain evidence will be held to be without injury where assignment of

⟨⟩For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

error thereon does not indicate the error and is not accompanied by a statement.

**9. Appeal and error ⊙�ð1078(1)—Assignment of error not referred to held waived.**

Assignments of error not referred to will be deemed to have been waived.

**10. Depositaries ⊙⟐14—Facts held to justify verdict for county against surety on depository bond.**

In action by county against surety on bonds given by the bank as depository for county funds, under Vernon's Ann. Civ. St. Supp. 1918, art. 2443a, facts *held* to justify an instructed verdict for the county.

**11. Appeal and error ⊙⟐759—Statements not referred to assignments of error in rear of brief not considered.**

Statements which do not refer to assignments of error copied in the rear of the brief will not be considered.

Appeal from District Court, Johnson County; Irwin T. Ward, Judge.

Action by Johnson County against J. C. Blakeney and others. Judgment for plaintiff, and defendants appeal. Affirmed.

W. R. Walker, of Cleburne, S. C. Padelford and D. W. Odell, both of Fort Worth, J. O. Lockett and B. G. Prestridge, both of Cleburne, and Goree, Odell & Allen, of Fort Worth, for appellants.

W. Poindexter and E. A. Rice, both of Cleburne, McCartney, Foster & McGee, of Brownwood, and J. D. Kugle, of Dallas, for appellee.

FLY, C. J. This is a suit by appellee against the National Bank of Cleburne, as principal, A. P. Wooldridge, its receiver, and S. B. Norwood, J. C. Blakeney, J. T. Falkenbury, W. T. Bradbury, F. D. Dickson, J. D. Goldsmith, G. O. Smith, J. W. Floore, Jr., J. G. Beasley, J. R. Nail, N. W. Smith, John T. Jordan, Lon Walls, M. F. Garrison, and W. M. Odell, as sureties, to recover on three bonds given by the bank as a depository for the county funds. The suit was dismissed as to Norwood and Floore, as well as to Mrs. Rose Neighbors, executrix of the estate of J. T. Neighbors, deceased, who was a signer of the first and second bonds. The court instructed the jury to return a verdict for appellee, and judgment was rendered on that verdict against the principal and sureties on the first and second bonds for $947,121.04 and the sureties on the third bond for $83,818.97. The sureties on the first bond were S. B. Norwood, J. T. Blakeney, J. T. Falkenbury, J. T. Neighbors, F. D. Dickson, and W. T. Bradbury. The sureties were the same on the second bond and the sureties on the third bond were S. B. Norwood, J. W. Goldsmith, J. W. Floore, Jr., J. R. Nail, J. C. Blakeney, G. C. Smith, J. T. Falkenbury, J. G. Beasley,

John T. Jordan, M. F. Garrison, N. W. Smith, Lon Walls, and W. M. Odell.

[1] In a printed brief containing 219 pages, appellants F. D. Dickson and W. T. Bradbury have copied one hundred assignments of error and sixty propositions with sixty statements. The propositions are placed in the forefront of the brief, beginning on page 15 and ending on page 78, and the assignments are sequestered as far as possible from the propositions "at the back of the brief," as required by rules 30 and 32 of the new rules of 1922 (230 S. W. vii). While the rules seem to desire no propinquity between propositions and assignments of error, appellants have made a contact impracticable, if not impossible, by not referring to the assignments or any one of them in proposition or statement, and for that matter the existence of the assignments of error is not recognized by the slightest reference to any one of them in any part of the brief, except by formally copying them in the rear end of the whole affair. While hesitating to even attempt to interpret the design of the rules of 1922, we cannot conceive of the Supreme Court intending to have numerous propositions placed in the brief, which in no manner indicate their attachment to or dependence upon any certain assignment. No court should be called upon to spend its time in discovering the pertinency of a great mass of propositions to a great mass of assignments of error, where the appellant has made no effort to do so, but has calmly ignored the existence of the assignments of error. Rule 30 requires that the propositions "shall be germane to one or more of the assignments of error or relate to fundamental error." The duty devolves on an appellant to point out the assignments to which the propositions are germane, or to indicate that they are based on fundamental error. Equipment Co. v. Luse, 250 S. W. 1104, by this court. If no attention whatever is required in the brief to the assignments of error it is absolutely unnecessary to copy them in the brief, although a failure to so copy them is made a ground of dismissal of the cause by rule 38 (230 S. W. viii). This court will not consider the propositions, but will go directly to the assignments of error.

[2, 3] The appellant F. D. Dickson was duly served with citation on the original petition, but sought to quash the citation because amended petitions were afterwards filed and Mrs. Rose Neighbors was added therein as an additional party and the amendments set up additional sums against him. It is not contended that Dickson was not regularly served with citation under the original petition and was therefore before the court when the amended petitions were filed, and that he had actual notice of the amendments. He appeared and made his defenses, and, while

---

⊙⟐For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

a judgment by default could not be sustained on an amended petition adding new parties or setting up a new cause of action, when a defendant is in court he is charged with notice of amendments filed in the cause. If he needed time in which to prepare to meet the new matter set up in the amendments, he should have made that fact clearly known to the court and have sought a postponement or continuance of the case, and the allegations as to the necessity of a delay would be addressed to the sound discretion of the court. Railway v. Howell, 101 Tex. 603, 111 S. W. 142. It may be stated in this connection that Mrs. Rose Neighbors was afterwards dismissed from the suit, and appellants could not have been in any way injured by her addition as a party defendant. New Jersey Ins. Co. v. Baird (Tex. Civ. App.) 187 S. W. 356. No motion for continuance setting up surprise was filed by appellants. The first, second, and third assignments of error are overruled.

[4] The fourth assignment of error is overruled. The attack on the eligibility, if not the integrity, of the judge who presided at the trial of this cause, because he owns land situated within two miles of a proposed highway, to the construction of which the commissioners' court of Johnson county had appropriated whatever sum of the money belonging to the county should be recovered from the defaulting bank and its sureties, is devoid of merit and without excuse. The trial judge had the interest of a citizen in the road, and such interest would not disqualify him to try the case. There is nothing before this court upon which to base an opinion as to the qualification of the judge, there being no statement of the facts, if any, presented to sustain the motion. As said by this court in Wright v. Sherwood (Tex. Civ. App.) 37 S. W. 468:

"We cannot consider the affidavit and exhibits attached to appellant's motion for a new trial for the purpose of determining the issue as to the disqualification of the judge, for the evidence upon such issue might have shown facts entirely different from what is presented by such affidavit and exhibits; and, in the absence of a statement of facts, every presumption will be indulged in favor of his qualification to sit in the cause."

The Supreme Court refused a writ of error in that case. If the facts be true, as alleged by appellants, it would not directly financially affect the interests of the judge; but the financial benefits that might accrue to him by the building of a road through the county were speculative and far-fetched.

[5] Appellants sought to obtain a continuance of the cause through a special exception to the petition attacking the second amended petition. The amended petition merely amplified and made more explicit the cause of action set up in the first amended petition, and did not set up a new cause of action. The cause of action at all times was based on the same bonds to which appellants had subscribed their names. The petition was full and clear, and the fifth, sixth, seventh, eighth, ninth, and tenth assignments of error are overruled.

[6] The eleventh and twelfth assignments are very lengthy and involved, and are not supported by any statement, carry no intelligible statement in themselves, and are overruled.

[7] Assignments of error from Nos. 13 to 32, inclusive, contain objections to certain bank passbooks and loose sheet records, all of which fail to show any reasonable grounds for objections to the books and sheets, and in fact no reason whatever being given in any of them for such objections except by bills of exceptions in the records to which reference is made. No statements follow the assignments, nor do the statements made in the record show that they are in any way germane to any assignment. They are overruled.

[8] The assignments of error from Nos. 33 to 48, inclusive, present objections to evidence made by appellants, and, while the objections as indicated by the language of the assignments present no error, still neither of them is coupled with a statement. The case was in effect tried by the court, as it was taken from the jury by an instructed verdict, and, as the other evidence was sufficient to sustain the judgment, the admission of the evidence could not have injured appellants.

In the absence of statements, we are unable to know whether the exclusion of evidence of which complaint is made in assignments of error 49, 50, 51, 52, 55, 56, 57, 58, and 59 could have injured appellants. So far as is disclosed by the assignments, the evidence was properly excluded.

Assignments of error Nos. 60, 61, 62, 63, 64, 65, 66, 67, 68, 69, 70, 71, 81, 92, 93, 94, 95, 96, 97, 98, 99, and 100 relate to questions of the admission and exclusion of evidence, and are subject to the same objections herein set forth as to other assignments. They are followed by no statements, and no statements in the brief refer to them directly or indirectly. Most of them are so vague and indefinite as to require both proposition and statement to render them intelligible.

[9] All the remaining assignments of error attack the action of the court in instructing a verdict for appellee, and their consideration, as well as that of all the others, might be pretermitted by reason of the fact that by never referring to them they have been waived by appellants.

[10] This court has considered the facts in this case in order to determine whether the court was justified in instructing a verdict for appellee. We arrive at the following conclusions of fact, which we think clearly

show that there was no issue to go before the jury. The National Bank of Cleburne was the regular depository of Johnson county, and on March 29, 1919, gave a bond for the sum of $150,000 with Norwood, Falkenbury, Blakeney, Neighbors, Dickson, and Bradbury, as sureties, conditioned that the bank should faithfully perform all the duties devolving on it by law as a depository and pay all checks drawn on it by the county treasurer and faithfully keep all county funds and account for the same. The second bond given by the bank on June 27, 1919, was signed by the same sureties, was in the sum of $2,000,000, and was conditioned as the first, the funds being described as "road bond funds." The third bond was for $2,208,926, had the conditions of the first two bonds, and also provided for payment of 6 per cent. interest by the bank on daily balances, and to account for all funds belonging to the county deposited with it, "and all other funds deposited with it under the requirements of chapter 11, act of the Thirty-Fifth Legislature at this regular session, and shall pay the interest at the time and at the rate hereinabove stipulated." Only three sureties, Norwood, Blakeney, and Falkenbury, were on the last named who were sureties on the other two. Judgment was rendered against the sureties for only the sums for which they were bound.

Article 2443, Vernon's Civ. Stats. 1918, provides for the taking of a bond for not less than the total amount of the revenue of such county for the next preceding year, and in article 2443a, which is an addition to article 2443, it is provided that bonds may be taken for special funds arising from the sale of bonds, in addition to the bond for the revenue of the county. The first bond was a regular bond for the moneys of the county, the second bond was a special bond given to secure the funds arising from the sale of road bonds, and the third bond was a regular bond for all funds of the county, not arising from sale of bonds, as required by statute. The facts clearly show that this was the status of the bonds.

The third bond was not given as a substitute for the other bonds, but was separate and apart therefrom, and did not include the road bond fund, which was specially included in the second bond. The evidence showed this to be the case clearly and without question. No doubt was thrown on the fact that the bank got the money and appropriated it, and it is of no moment whatever that certain requirements of the law were not complied with in connection with turning over the money to the bank. The bank got the public money and converted it to its own use, the sureties promised to reimburse the county if the money was not returned to the county, and they together with their principal should be made to respond in damages for the amount appropriated by the bank. The receiver of the bank admitted that the bank owed the amount for which judgment was rendered, and that admission is not assailed by the bank and should be binding on the sureties. Brushing aside useless and trivial technicalities, and applying the rules of honesty, fair dealing, and common sense the sureties must be held bound.

[11] Appellants J. C. Blakeney, J. D. Goldsmith, G. C. Smith, J. C. Beasley, J. R. Nail, N. W. Smith, N. J. Jordan, Lon Walls, M. T. Garrison, and W. M. Odell have filed a typewritten brief of some 78 pages with 28 propositions and various lengthy statements in none of which is any reference made to 33 assignments of error copied in the rear of the brief. After the thirty-third assignment, the information is volunteered that assignments of error Nos. 66, 67, and 68 have been submitted verbatim as appellants' propositions Nos. 27, 28, and 29. They cannot come so disguised and masked into this court. These appellants also adopt the brief of Dickson and Bradbury, and the disposition of their brief will be the disposition of the brief now being considered.

The judgment is affirmed.

### On Motion for Rehearing.

This cause was presented by appellants, as well as appellees, without questioning the fact that the last bond covered the road bond funds as well as the other funds belonging to appellee, but through some misconception upon the part of the writer of the original opinion it is stated in that opinion that the third bond did not include the road bond fund. This was a mistake, and that finding will be eliminated from the opinion, and we hold that it included the road bond fund as well as the others. It is not contested through any assignment of error that the appellants were not liable for the road bond funds on the last bond. We hold them liable.

The motion for rehearing is overruled.