**FARMERS' STATE BANK et al. v. BRAZORIA COUNTY et al.　(No. 8660.)** *

(Court of Civil Appeals of Texas. Galveston. June 2, 1925. Rehearings Denied Oct. 8, 1925.)

**1. Contracts ⊚⇒10(1) — Depositaries ⊚⇒7 — Bond of bank constituting depository for county funds held binding.**

Bond of bank constituting depository for county funds, following closely prescribed statutory form, and reciting that bank proposed to pay 2½ per cent. on average daily balances of money deposited by county, and that county had accepted that proposal, and county commissioners' court having officially approved bond, and funds of county having been put in bank in compliance therewith, *held* binding, as against objections of want of consideration, mutuality, and certainty.

**2. Depositaries ⊚⇒7—Bond need not run in precise conformity to statutes; applicable statutes read into bond as part thereof; bond liberally construed in public interest.**

It is not essential that bond of depository run in precise conformity to the statute, nor will discrepancies not making it more onerous than is authorized thereby invalidate it, because applicable statutes will be read into it as a part thereof, and it will be liberally construed in the public interest to effectuate purpose intended.

**3. Depositaries ⊚⇒7—Rule in construing bonds stated.**

Whatever is included in a bond of depository of public moneys, and is not required by law, must be read out of it, and whatever is not expressed, and ought to have been incorporated, must be read as if inserted in it.

**4. Depositaries ⊚⇒7—Bond of bank constituting depository for county funds not invalidated by act of county treasurer.**

Bond of depository of county funds *held* not invalid, in view of Rev. St. art. 2445, because county treasurer individually made deposits and checked out disbursements in accordance with a uniform custom, thereby exercising his discretion in contradistinction to that of commissioners' court, where it appeared that in doing so he was acting under general direction and supervision of commissioners' court.

**5. Depositaries ⊚⇒14— Testimony held properly excluded, where officers had no authority to bind county.**

In action on bond of bank constituting county depository, testimony of bondsman that, at a time when county deposits in bank did not exceed a certain sum, county judge and treasurer stated to him that, if he would remain on the bond, they would not put any more money in the bank, *held* properly excluded, since such officers had no authority to bind the county in any such agreement.

**6. Depositaries ⊚⇒13—Bondsmen, on bond of bank constituting depository for county funds, held liable for deposits made within 60 days after expiration of bond.**

Bondsmen, on bond of two years' duration of bank constituting depository for county funds, *held* liable for deposits made within 60 days after expiration of two-year period, in view of Rev. St. arts. 2443–2445, 2450, being in legal effect a part of the bond, and providing that it shall remain in effect until 60 days after time fixed for next selection of depository, and commissioners' court not having stipulated for any change in the 60-day rule.

**7. Depositaries ⊚⇒13—General rule for damages in conversion held applicable in suit by county on bond to recover money deposited in bank.**

County, in suit on bond of depository, is entitled to recover the value at time and place of property converted, together with legal interest thereon from date of conversion, and is not limited to the rate of interest nominated in the bond; Rev. St. art. 4973. being inapplicable.

Appeal from District Court, Brazoria County; M. S. Munson, Judge.

Action by Brazoria County and others against the Farmers' State Bank and others. Judgment for plaintiffs, and defendants appeal. Affirmed.

Bryan, Dyess & Colgin, Fogle & Gentry, and Pollard, Berry & Moore, all of Houston, Rucks & Enlow, of Angleton, J. S. Jackson, of Alvin, and Boyles, Brown & Scott, of Houston, for appellants.

J. T. Loggins, E. P. Stockwell, and W. S. Sproles, all of Angleton, for appellees.

GRAVES, J. Appellees sued appellants to recover money deposited by Brazoria county with appellant Farmers' State Bank as a depository of the county, and upon a depository bond given as security by the latter and its sureties of date February 14, 1921, also seeking interest and the foreclosure of a lien in attachment upon certain land seized.

Except as to the attachment feature, which by agreement of the parties was withdrawn from the jury and submitted to the court, the cause was tried before a jury upon undisputed facts, resulting in a judgment in favor of the county against appellant bank as principal and its bondsmen as sureties, pursuant to an instructed verdict to that effect, for $25,271.67, together with 6 per cent. per annum interest thereon from April 23, 1923, the court also foreclosing the attachment lien on the land.

While admitting upon the appeal that all "the material facts proved were not disputed," appellants yet complain of the judgment on these grounds:

(1) The contract between Brazoria county and appellants was not binding upon either, because resting merely upon mutual promises between them which imported no concurrent, certain, and mutual obligations.

(2) Appellants, or rather such of them as were bondsmen for the depository bank, were not liable, because the funds were deposited in the bank through the exercise by the

⊚⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

*Writ of error refused November 25, 1925.

county treasurer of his discretion, and not "in such sums and amounts and for such periods of time, as may be deemed advisable by the commissioners' court," as required by R. S. art. 2445, which by law became a part of the bond sued upon.

(3) Testimony showing that in the early summer of 1922, when only $18,000 of the county's money was on deposit in the bank, an agreement was made between the former's judge and treasurer and one of the latter's bondsmen that no more of the county funds would be so deposited, was improperly excluded.

(4) Appellant bondsmen are not liable under the provisions of R. S. art. 2445, for the $5,000 shown to have been deposited in the bank subsequent to February 14, 1923, since the bond sued upon recited that appellant bank had been chosen a depository for a portion of the county's funds "for a term of two years beginning on the 14th day of February, A. D. 1921."

(5) Under R. S. art. 4973, the bondsmen themselves not having used or detained any of the county's funds, they are not liable for a higher rate of interest on the money deposited than that fixed in the bond, 2½ per cent. per annum.

It is thought the concededly undisputed facts require adverse conclusions upon all of these contentions.

Advance notice was duly given that bids would be received up to February 14, 1921, from those eligible who might desire to be selected as a depository for the funds of Brazoria county for the ensuing two years. Accordingly, on that date, the commissioners' court convened and received some bids offering 2½ per cent. on the total balances for a portion of the county funds, but none at all from any single bidder of all of the funds. Thereupon, on the same day, the court selected several different banks of the county as depositories, appellant bank being one of them, under the following order:

"Matter of Selecting County Depositories.

"2/14/21.

"Alvin State Bank, Farmers' State Bank, Brazoria Co. State Bank, Angleton State Bank, First State Bank of Brazoria, Freeport Nat. Bank are selected county depositories and their respective bonds fixed at $100,000, provided such bond may be $75,000, in which event such bank making less bond than $100,000 shall not receive more money than the face of the bond."

Pursuant to such selection, appellant bank, with its colitigants as sureties, executed and delivered to the county as security for deposits to be made with it, under this designation its bond in the sum of $75,000, conditioned as follows:

"The condition of the above obligation is such that, whereas the above bounden, Farmers' State Bank, by W. P. Davis, president, of Alvin, Tex., was on the 14th day of February, A. D. 1921, chosen by the commissioners' court of Brazoria county, Tex., as a depository of a portion of the funds of said Brazoria county, for the term of two years, beginning on the 14th day of February, A. D. 1921; the said bank having offered said Brazoria county 2½ per cent. interest per annum upon average daily balance on said funds of Brazoria county, Tex., and same having been accepted by said court:

"Now therefore, if the said Farmers' State Bank of Alvin, Tex., which has been designated as a county depository for a portion of the county funds of Brazoria county, Tex., shall faithfully perform all the duties and obligations devolving by law upon such depository and shall pay upon presentation all checks drawn upon said depository by the county treasurer of said Brazoria county, and shall faithfully keep any and all funds and moneys of said county of Brazoria deposited with it or which may be received by said principal, as such county depository and account for same according to law, then this obligation shall become null and void, otherwise to remain in full force and effect."

The commissioners' court thereafter duly approved the bond, and, as a compliance with the county's contract thereunder, its funds up to the amount of the judgment for principal in its favor were thereafter, through its treasurer, deposited in appellant bank and never repaid.

[1-3] We see no fatality in either of the respects to which attention is directed in the first two of these propositions; the contract between the parties consists of the bond sued upon, together with the statutes which required it, and just where the uncertainty, or lack of consideration and mutuality of obligation, lurk is not readily discernible. The bond, perhaps, as nearly as may be, followed the prescribed statutory from, reciting that the bank proposed to pay 2½ per cent. on average daily balances of moneys deposited therein by Brazoria county, and that the county had accepted that proposal. When therafter, in furtherance of this mutual arrangement, the commissioners' court of the county officially approved the bond as given, and the funds of the county were put in the bank in compliance with its part of the undertaking, all the essential elements of an effective and binding obligation upon both were supplied. There being no declaration to that effect, it is not essential with us that the bond run in precise conformity to the statute, nor indeed will discrepancies not making it more onerous than is authorized thereby invalidate it, because, being required by law, the applicable statutes will be read into it as a part thereof, and it will be liberally construed in the public interest in order to effectuate the purpose intended, the rule in such instances being:

"Whatever is included in the bond, and is not required by law, must be read out of it, and whatever is not expressed, and ought to have been incorporated, must be read as if inserted into it." 9 Corpus Juris, p. 34.

To the same general purport as this quoted text are the holdings of the courts in the following cases: Boyd v. Genitempo (Tex. Civ. App.) 260 S. W. 934; Blakeney v. Johnson County (Tex. Civ. App.) 253 S. W. 333; American Surety Co. v. Tarbutton (Tex. Civ. App.) 248 S. W. 435; Henry County v. Salmon, 201 Mo. 136, 100 S. W. 20; State v. Citizens' Bank & Trust Co., 119 Ark. 617, 178 S. W. 929; Talley v. State, for Benton County, 121 Ark. 4, 180 S. W. 330.

[4] As its terms indicate, there is nothing in this bond more burdensome than is permitted by our statute, nor can it in any proper sense be said, under the facts here, that the county treasurer exercised his own discretion, in contradistinction to that of the commissioners' court, in handling the funds. It is true that he individually made the deposits and checked out the disbursements, as had been the practice in that county for years, but it further appeared that in doing so he was acting under the general direction and supervision of the court. This did not, we think, invalidate the bond.

[5] The third objection calls in question the action of the court in excluding, upon objection, testimony offered by one of the bank's bondmen, Mr. Dodson, to the effect that in the early summer of 1922, and at a time when the county's deposits in appellant bank did not exceed $18,000, its judge and treasurer stated to him that, if he would remain on the bond, they would not put any more county money in the bank; obviously there was no error here, since the two officers named had no authority to bind the county in any such an agreement. Fayette County v. Krause et al., 31 Tex. Civ. App. 569, 73 S. W. 51; Collins County v. Schultz (Tex. Civ. App.) 243 S. W. 609; State v. Citizens' Bank & Trust Co., 119 Ark. 617, 178 S. W. 929.

[6] As concerns the fourth claim, it is true the bond fixed the term for which it was to run at two years, beginning on February 14, 1921, and that $5,000 of the deposits was made on February 28, 1923, but we do not think the provision of R. S. art. 2445, that the money may be deposited "for such periods of time as may be deemed advisable by the court," under the circumstances here, limited the life of this bond to February 14, 1923, because that article further specifically requires the bond made pursuant to it to be in manner and form the same and to contain all the conditions prescribed for the bond given under preceding article 2444, one of which is that it shall remain in effect until 60 days after the time fixed for the next selection of a depository; both articles of the statute being in legal effect a part of the bond, and the commissioners' court not having, in the exercise of such discretion as it had in the matter, stipulated for any change in the 60-day rule, we think it should be held to apply.

R. S. arts. 2443–2445, 2450; Surety Co. v. Tarbutton (Tex. Civ. App.) 248 S. W. 435.

[7] The concluding insistence, that the bondmen could not be held for a higher rate of interest than the 2½ per cent. nominated in the bond, rests, we think, upon a misapplication of the statute invoked in support of it. R. S. art. 4973. It does not recite, as appellants quote, "the compensation allowed by law and fixed by parties to the contract, for the use or forbearance or detention of money," but is "the compensation allowed by law or fixed by the parties," etc. Here there was no compensation fixed by the parties for the conversion of the county's money by the appellant bank, which its appropriation of the same to its own use and benefit amounted to; hence the general rule for damages in conversion (that is, the value at that time and place of the property converted, together with legal interest thereon from the date of the conversion) would apply. Railway v. Smith (Tex. Civ. App.) 171 S. W. 282; Hancock v. Haile (Tex. Civ. App.) 171 S. W. 1053; Blakeney v. Johnson County (Tex. Civ. App.) 253 S. W. 333.

It follows from these conclusions that the trial court's judgment should be affirmed. That order has been entered.

Affirmed.