WASSON *v.* STATE USE LONOKE COUNTY.

4-3154

Opinion delivered June 26, 1933.

*Trieber & Lasley,* for appellant.

*George F. Hartje* and *Chas. A. Walls,* for appellee.

HUMPHREYS, J. This is an appeal from a decree of the chancery court of Pulaski County requiring appellants to pay appellees $17,734.24 on special deposit in the

People's Bank under a depository agreement between Lonoke County as party of the first part, the People's Trust Company, party of the second part, and Bankers' Trust Company, party of the third part. The duties of the party of the third part were to hold the bonds deposited by the People's Trust Company to secure the deposits of the public fund to be made from time to time, dependent upon the amount deposited. The People's Trust Company continued to act as the depository of Lonoke County until the Bank Commissioner took charge of its assets on May 2, 1933, pursuant to act 88 of the Acts of the General Assembly of 1933. The designation of the People's Trust Company as the depository of Lonoke County grew out of the failure of the Lonoke County Bank, which was the regularly designated depository for said county under the provisions of act 163 of the Acts of the General Assembly of 1927. The People's Trust Company was designated as the depository of said county under the provisions of the same act. Appellant attacked the validity of the order constituting the People's Trust Company the depository of Lonoke County as well as the agreement or contract entered into between them on the ground that in both it was provided that the People's Trust Company should pay no interest for the use of the money, although the act provided for the payment of 4 per cent. interest, and for that reason asked that the collaterals of $49,000 securing the public funds be released for the benefit of the general creditors of the People's Trust Company, and that the money set aside as a special deposit be declared a general deposit. The case went off on demurrer. One paragraph of the complaint states the gist of the contention of appellant, which is as follows:

"Plaintiff further states that Marion Wasson, as Bank Commissioner in charge for management of People's Trust Company, has refused to pay over to Lonoke County the balance of $17,734.24 of its deposits on the ground that the pledge of securities under the contract between Lonoke County and People's Trust Company, whereby the latter was designated as depository and

under which said funds were deposited, was unauthorized and void, inasmuch as no interest was to be paid on said deposit, and for that reason People's Trust Company had no legal right to pledge any of its assets as security for the public funds so deposited.''

The People's Trust Company acted as the depository of Lonoke County for about a year and had the free use of the public money during that period. The average deposit during that period was about $50,000. When the commissioner took charge, the status of all creditors was fixed as the contract was an executed one and performed as far as possible.

The facts bring the instant case within the rule adopted and announced in the case of *State ex rel. Independence County* v. *Citizens' Bank & Trust Company,* 119 Ark. 617, 178 S. W. 929, as follows:

''The principal of law controlling here may be stated in the language of Mr. Justice SWAYNE, speaking for the Supreme Court of the United States in *Union National Bank* v. *Matthews,* 25 U. S. (L. C. P. edition) 188-190. 'A party who has had the benefit of an agreement cannot be permitted in an action founded upon it to question its validity. It would be in the highest degree inequitable and unjust to permit a defendant to repudiate a contract, the benefit of which he retains.' While this is not strictly a contract *inter partes,* it is the same in legal effect, and the same principal applies hereto.''

We regard this case as parallel in its salient points and controlling; so we deem it unnecessary to refer to the other cases cited in the briefs.

No error appearing, the decree is affirmed.