**EQUIPMENT CO. v. LUSE et al. (No. 6925.)**

(Court of Civil Appeals of Texas. San Antonio. April 4, 1923. Rehearing Denied May 2, 1923.)

**1. Appeal and error 743(1)—Assignments of error not referring to portion of motion for new trial complaining of the error will not be considered.**

On appeal, where assignments of error are set out at the back of the brief, as provided by Rule 32 (142 S. W. xiii), but none of them refer to that portion of the motion for new trial in which the error is complained of, as required by Rule 25 (142 S. W. xii) the appellate court will not consider them.

On Motion for Rehearing.

**2. Appeal and error 766—When brief fails to facilitate review, court may determine whether it should be disregarded for clear infraction of rules.**

Briefs should so present the questions to be reviewed as to facilitate the review, and when they do not serve this end, but tend to retard the appellate court in the performance of its duty to the state and the public, it becomes the duty of the court to determine whether or not it is warranted in seizing upon a clear infraction of the rules by a litigant as a reason for disregarding the latter's brief.

For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**3. Appeal and error ⟂759—Assignments of error must be placed at extreme back of brief and propositions at front thereof.**

All assignments of error must be grouped and placed at the extreme back of the brief, and all the propositions must be grouped and placed at the front of the brief.

**4. Appeal and error ⟂759—Method of preparing briefs suggested.**

After complying with the requirement that all assignments of error must be placed at the extreme back of the brief, and all propositions at the front, counsel may remedy the incongruity by following the provisions in the old rules requiring that each assignment be separately set out or appropriately grouped when related to the same question of law, and followed by the propositions of law arising therefrom and by a statement of the record pertinent thereto respectively, although such process is not obligatory upon counsel.

**5. Appeal and error ⟂742(1)—Relevancy of propositions of law to assignments of error must be shown in brief.**

In preparing briefs, counsel must show the relevancy of their propositions of law to the assignments of error; rule 30 (142 S. W. xiii) requiring that propositions or points of law "shall be germane to one or more of the assignments of error, or relate to fundamental error."

**6. Appeal and error ⟂742(1)—Propositions of law not shown by affirmative reference to be related to specified assignments of error will be disregarded.**

Where the proponent of propositions of law does not by affirmative reference show each proposition to be related or germane to specified assignments of error, such propositions will be disregarded, and the reviewing court will go directly to the assignments and dispose of them without reference to the propositions.

**7. Appeal and error ⟂742(1)—Where relation of propositions of law to specified assignments of error not shown, assignments not in themselves constituting propositions of law will be regarded as waived.**

Where assignments of error do not themselves constitute propositions of law, they will be regarded as waived, in the absence of showing in what manner the propositions of law are germane to specified assignments of error.

**8. Appeal and error ⟂742(6)—Statement under propositions referring to exceptions, but not setting out contents, insufficient.**

An assignment complaining of the overruling of a motion for a judgment for reasons set out in a certain exception is insufficient, where the statement under the propositions of law does not set out the contents of the exception.

**9. Appeal and error ⟂739—Assignment of error held multifarious.**

An assignment of error that the court "erred in submitting the charge to the jury and the several issues in said charge for the reasons given at the time, and more fully set out in plaintiff's bills of exception Nos. 8, 9, 10, 11, and 12," *held* multifarious and will not be considered.

**10. Appeal and error ⟂743(1)—Bills of exceptions, contents of which are not set out in statement under propositions, will be disregarded.**

Bills of exception referred to in a statement under a proposition will be regarded as waived, where their contents are not set out in substance or otherwise.

**11. Appeal and error ⟂733—Assignments of error held too general to be considered.**

Assignments of error that "the judgment of the court is not supported by the law applicable to the case," "the evidence adduced in the trial of the case was not sufficient to support the findings of the jury in answer to the special issues submitted by the court," and "the judgment of the court is not supported by the evidence adduced in the trial of the same," *held* too general to be considered.

**12. Appeal and error ⟂743(1)—Assignments of error not referred to in brief will not be considered.**

Assignments of error complaining of certain rulings for the reasons set out respectively in bills of exception to certain propositions, where neither of such bills is otherwise referred to or in any way mentioned in the brief, and no record reference is given with the assignments or elsewhere in the brief whereby the bills may be found, will not be considered.

Appeal from Tarrant County Court; W. P. Walker, Judge.

Action by the Equipment Company against A. F. Luse and others. Judgment for defendants, and plaintiff appeals. Affirmed.

Bryan, Stone & Wade, C. Hyer, and Alfred H. Eaton, all of Fort Worth, for appellant.

Moses, Rowe & Braly, John S. Morris, and H. D. Payne, all of Fort Worth, for appellees.

SMITH, J. [1] The appeal is based upon eleven assignments of error, which are set out at the "back" of the brief, as provided in rule 32 (142 S. W. xiii); but none of these assignments "refer to that portion of the motion for new trial in which the error is complained of," as required by rule 25 (142 S. W. xii). This omission has been repeatedly held to be fatal, relieving an appellate court of any obligation to consider such assignments; and while we have in no case upon our own motion disregarded assignments on this account, we do not feel at liberty to consider them in this case over the objections of appellees, who have filed a vigorous motion to strike them out, not only upon the ground stated, but upon various other grounds, some of which also are well taken. Sullivan v. Masterson (Tex. Civ. App.) 201 S. W. 194; Tel. Co. v. Golden (Tex. Civ. App.) 201 S. W. 1080; Fahey v. Benedetti (Tex. Civ. App.) 161 S. W. 896.

No fundamental error being apparent of record, and the assignments of error being disregarded, the judgment must be affirmed.

### On Motion for Rehearing.

[2] In deference to the able and earnest motion for rehearing filed by appellant's counsel, we deem it proper to further discuss the question of the sufficiency of appellant's brief. It is not the desire or purpose of this court to shirk or evade the responsibility of determining questions properly presented to it by litigants, nor is it its policy to disregard assignments, propositions, or statements of parties merely because of the violation or disregard of some rule or rules in the preparation of briefs, or presentation of the appeal. Briefs are designed to aid courts in the dispatch of business, and should be so prepared and should so present the questions to be reviewed as to facilitate such review. When briefs do not serve this end, but tend to retard the appellate court in the performance of its duty to the state and the public, then it becomes the duty of such court to determine whether or not it is warranted in seizing upon a clear infraction of the rules by a litigant as a reason for disregarding the latter's brief.

[3-7] Even under the current rules it ought 'not to be difficult for the lawyers to clearly and succinctly present their causes for review. Under the rules recently superseded, it was the simplest matter in the world for litigants to present each assignment of error, proposition, statement, and authorities, respectively, so that the question raised was bared in simplest form to the reviewing authority. Each was set out with reference to its relation to the other, and all were connected and co-ordinated into a compact presentation of the one question raised by the assignment. It is difficult to perceive the possibility of an improvement of the system. We take the liberty of suggesting to the members of the bar that the present rules do not affirmatively banish the old system of briefing cases. It is true that in literally following the present rules, all the assignments of error must be grouped and placed at the extreme "back" of the brief, and all the propositions must be grouped and placed at the "front" of the brief, thus separating them so as to render impracticable the process of comparing them for the purpose of determining the relevancy and relationship of each to the other. But counsel in preparing their briefs may very easily remedy this incongruity in the present rules, after complying with this particular requirement, by following the provisions in the old rules, requiring that each assignment be separately set out, or appropriately grouped when related to the same question of law, and followed by the propositions of law arising therefrom, and by a statement of the record pertinent thereto, respectively. It is true, of course, that this process is not obligatory upon counsel in preparing their briefs, but is equally true that by such process they would be complying literally with the existing rules, and at the same time remedy the impracticable arrangement of assignments and propositions provided for in those rules. If this process appears to the members of the bar to be too cumbersome, then they should adopt some other method of showing the relevancy of their propositions of law to their assignments of error. This burden surely rests upon counsel, and not upon the reviewing authority. It is distinctly required in Rule 30 (142 S. W. xiii) that the propositions or points of law upon which an appellant relies "shall be germane to one or more of the assignments of error, or relate to fundamental error." The justness and necessity of this requirement is, of course, obvious. And it is equally obvious that the burden rests exclusively upon the party to show that his propositions are germane or related to his assignments. This requirement is not expressly written into the rules, but it rests in common sense and fairness, and will be enforced in this court. And where the proponent of propositions of law urged here does not by affirmative reference show each proposition to be related or germane to specified assignments of error, it will be our policy to disregard such propositions, and go direct to the assignments and dispose of them without reference to the propositions, and in such case where such assignments do not within themselves constitute propositions, they will be regarded as waived. This rule cannot possibly work hardship, and may be complied with by counsel with the utmost ease when they prepare their briefs. On the other hand, the failure of counsel to comply with it entails a great deal of unnecessary labor upon the reviewing authority. In this case for instance, which furnishes a very moderate illustration for this purpose, appellee propounds 16 propositions of law, and brings forward 11 assignments of error. The former are grouped at the front of the brief, while the latter, likewise grouped, repose at the extreme back of the brief, as required by existing rules. It is true that each proposition is brought forward separately in the body of the brief, and is followed by a statement from the record, and this is quite helpful in the consideration of its merits; but if it relates or is germane to either or all the 11 assignments of error, it does not so appear from its face, or, in most instances, from any reference elsewhere in the brief. In order to determine their relationship, it is necessary to first consider the proposition, and then consider each of the 11 assignments of error, and from such separate con-

sideration determine their relevancy, if any. The process requires that each of the 11 assignments be read and carefully considered at least 16 different times, whereby the investigator, for this purpose alone, must travel from front to back of brief at least 176 times. No court can dispatch business in the face of such burdens.

We will next refer to the assignments of error as set out in the brief of appellant, to the consideration of which appellee vigorously objects upon various grounds, none of which appellant undertakes to combat.

1. The first assignment of error complains of the refusal of "plaintiff's first instruction," which is not otherwise described, "for the reasons set out in plaintiff's bill of exception No. 5." This assignment is referred to in no part of the brief, in no proposition, and in no statement, and no proposition in the brief purports to relate to it. Bill of exceptions No. 5, the purported basis of the first assignment, is referred to in the statements under the tenth and thirteenth propositions of law both of which purport to be based upon the sixth assignment of error, and not upon the first. Bill of exception No. 5 shows the refusal of a peremptory instruction, but sets out no reason for appellant's objection to such refusal, although the first assignment complains of error "for the reasons set out in" said bill of exception.

[8] 2. The second assignment complains of the overruling of appellant's motion for judgment, "for the reasons set out more fully in plaintiffs' bill of exceptions No. 13," to which no record reference is made. This assignment is not otherwise mentioned in the brief, nor does any proposition purport to relate to it. A close search of the brief discloses that bill of exception No. 13 is referred to under the eleventh proposition of law, which, according to the statement thereunder, relates to the tenth, and not the second, assignment. In this statement bill of exceptions 13 is referred to, but its contents are not set out, in substance or otherwise. This omission within itself relieves this court of any duty to consider the bill or assignment based thereon.

[9] 3. The third assignment of error is that—

"The court erred in submitting the charge to the jury and the several issues in said charge for the reasons given at the time and more fully set out in plaintiff's bills of exception Nos. 8, 9, 10, 11, and 12."

[10] The assignment is obviously multifarious, and for that reason cannot properly be considered. None of the propositions purports to relate to this assignment, which is not otherwise mentioned in the record, and may thus be regarded as waived. Bills of exception 11 and 12 are not mentioned in the brief, and if they appear in the record, the fact is not apparent from the brief. Bills 8, 9, and 10 are referred to in the statement under the twelfth proposition, but their contents are not set out in substance or otherwise, and should therefore be disregarded. The tenth proposition, in the statement under which bills 8, 9, and 10 are referred to, appears from said statement to be based upon the ninth, and not the third, assignment, which in turn relates to bills of exceptions 3 and 4, and not 8, 9, 10, 11, and 12.

4. Appellant's fourth assignment of error will be adverted to later on.

5. Appellant's fifth, seventh, and eighth assignments are, respectively:

"The judgment of the court is not supported by the law applicable to the case."

"The evidence adduced in the trial of the case was not sufficient to support the findings of the jury in answer to the special issues submitted by the court.

"The judgment of the court is not supported by the evidence adduced in the trial of the case."

[11] These three assignments are obviously too general to be considered on appeal.

[12] 6. Appellant's sixth, ninth, tenth, and eleventh assignments of error complain of certain rulings of the court "for the reasons set out," respectively, in bills of exceptions 1 and 2, 3 and 4, 6 and 7. Neither of those bills is otherwise referred to or in any way mentioned in the brief, and no record reference is given with the assignments, or elsewhere in the brief, whereby those bills may be found. For that reason, if no other, the assignments will be disregarded.

In its fourth assignment of error appellant complains of the action of the trial court in overruling appellant's supplemental motion for a new trial, which was based upon alleged newly discovered evidence. Under the peculiar facts relating to this evidence, and the diligence exercised by appellant in its discovery and presentation, we are not prepared to say the trial court abused its rather wide discretion in determining the sufficiency of this motion. The fourth assignment of error will therefore be overruled.

As before stated, we have gone somewhat fully into the question of the sufficiency of appellant's brief, in deference to counsel. We ought to go further and say, with reference to the original opinion, that it is not our policy in any case to disregard assignments of error upon the sole ground that they do not "refer to that portion of the motion for new trial in which the error is complained of," as required in Rule 25, unless, indeed, the appellee in such cases challenges the accuracy of the assignments, or that they were in fact embraced in the motion for new trial. The refusal, upon submission of the cause, to consider the assignments in

this case, was primarily based upon this particular objection because of its simplicity; but the controlling reasons were those we have now set out in detail, to which, however, only general reference was made in the original opinion.

The motion for rehearing is overruled.