## TERRY et al. v. WILLIAMSON.   (No. 6940.)

(Court of Civil Appeals of Texas.  San Antonio.  April 25, 1923.)

**1. Appeal and error  ⊚⇒743(1)—Assignments of error must refer to the portion of motion for new trial in which error is complained of.**

Under rule 25 for Courts of Civil Appeals (142 S. W. xii) the court may refuse to consider assignments of error set out in the brief of plaintiffs in error, which contain no reference to that portion of the motion for new trial in which the error is complained of.

**2. Appeal and error  ⊚⇒742(1)—Proposition of law in brief must refer to assignments of error.**

Under rule 30 for the Courts of Civil Appeals (230 S. W. vii) requiring that the propositions in the brief of plaintiff in error shall be germane to one or more of the assignments in error, or relate to fundamental error, the burden is on the proponent of each proposition, and not upon the court, to show that it is related and germane to one or more assignments of error, and, when the propositions are unaccompanied by reference to the assignments of error to which they relate, the court is relieved of obligation to consider the propositions of law, and may go direct to the assignments in

determining the correctness of the judgment under review.

**3. Appeal and error  ⊚⇒742(1)—Disregard of rules warrants refusal to consider brief of plaintiff in error.**

Where plaintiffs in error entirely disregard rule 31 for Courts of Civil Appeal (230 S. W. vii), requiring that, "after the propositions the brief shall contain such argument or discussion with reference to authorities relied upon, addressed, respectively, to the several propositions or points presented and a clear and accurate statement of the record bearing upon the respective proposition with a reference to the pages of the record, the propositions, assignments, and statements in the brief cannot be considered against the objections of defendant in error.

Error from District Court, Tarrant County; R. E. L. Roy, Judge.

Action between L. L. Terry and others and R. C. Williamson. From an adverse judgment, the parties first named bring error. Affirmed.

Frank R. Graves and Milton M. Heath, both of Fort Worth, for plaintiffs in error.

W. B. Harris, of Fort Worth, for defendant in error.

SMITH, J. [1] The assignments of error set out in the brief of plaintiffs in error contain no reference "to that portion of the motion for new trial in which the error is complained of," as required by rule 25 for Courts of Civil Appeals (142 S. W. xii), and under the authorities we would be warranted in refusing to consider the assignments presented.

[2] The statement of the nature and result of the suit set out at the beginning of the brief of plaintiffs in error is followed by nine propositions of law, but none of these propositions is accompanied by reference to the particular assignments of error to which it may relate, or to which it purports to be germane. It is required by rule 30 (230 S. W. vii) that these propositions shall "be germane to one or more of the assignments of error, or relate to fundamental error." We take it that the burden is upon the proponent of each proposition, and not upon this court, to show that it is related and germane to one or more assignments of error and that, when the party shirks this burden, as is done here this court is relieved of any obligation to consider the propositions of law, and may go direct to the assignments in determining the correctness of the judgment complained of.

[3] It is provided in rule 31 (230 S. W. vii) for the government of this court in considering appeals that—

"After the propositions upon which the appeal is rested, the brief shall contain, ad-

dressed, respectively, to the several propositions or points presented, such argument or discussion as is desired, with reference to the authorities relied on, and a clear and accurate statement of the record bearing upon the respective propositions, with a reference to the pages of the record."

This provision has been entirely disregarded by plaintiffs in error. The statement in the brief is insufficient, under the old or current rules, in that it is too general, does not relate to any particular proposition, point or assignment, contains no page references to the record, sets out no. testimony admitted over objections or the objections made thereto, no pleadings excepted to or the exceptions thereto, no bills of exceptions upon which many of the assignments are based, or the numbers of the bills, or the record references thereto and sets out no references by which the various matters complained of may be found in the record. For these reasons, as well as those previously adverted to, the propositions, assignments, and statements in the brief cannot be considered, particularly in view of defendant in error's objections thereto.

We have examined the record for the purpose of ascertaining whether or not it presents fundamental error, and, none being apparent, the judgment must be affirmed.