### FORT WORTH & R. G. RY. CO. v. HARDIN et al. (No. 6938.)

(Court of Civil Appeals of Texas. San Antonio. April 25, 1923. Rehearing Denied May 23, 1923.)

1. **Death** ☞64—**Evidence held admissible on issue of loss from child's death.**

In an action by a mother for death of her daughter, plaintiff's testimony that deceased assisted her mother in keeping a boarding house some 8 years before the injury was admissible to show the state of feeling of the daughter towards the mother, in order to form a basis for the jury to determine what the daughter's course of conduct would have been during the coming years, and was not objectionable as too remote, irrelevant, and immaterial, and the same is true of her testimony that the daughter some years before her death gave to her mother the proceeds arising from the sale of a diamond necklace.

2. **Trial** ☞192—**Instruction assuming uncontroverted facts not erroneous.**

In an action by mother for wrongful death of her daughter while a passenger on defendant carrier's train, where the evidence was undisputed that the daughter was a passenger when fatally injured, and that she was killed by defendant's negligence, the court, in its charge to the jury, properly assumed these uncontroverted facts.

3. **Appeal and error** ☞742(1) — **Court not obliged to search for proposition applicable to assignments not designated by brief.**

Where the appellant in his brief fails to designate the propositions of law applicable to his assignments of error, the court is under no obligation to make a search for them.

4. **Death** ☞99(5)—**$7,500 not excessive for death of daughter.**

A verdict of $7,500 awarded a mother for death of her daughter, contributing liberally to the support of her mother and dependent imbecile brother, *held*, not excessive.

5. **Appeal and error** ☞742(1)—**Disregard of rules warrants a court in declining to consider assignments.**

The new rules for the Courts of Civil Appeals do not contemplate that an indiscriminate mass of statements shall be copied into briefs without reference to the assignments, and that the appellate courts shall be required to use strenuous efforts to co-ordinate and correlate them; but the brief should assist and not burden the court, and where there is no effort shown to comply with the rules the court may well decline to consider any of the assignments of error.

Appeal from District Court, Tarrant County; Bruce Young, Judge.

Action by Mrs. W. T. Hardin and another against the Fort Worth & Rio Grande Railway Company. Judgment for plaintiffs, and defendant appeals. Affirmed.

Goree, Odell & Allen, of Fort Worth, for appellant.

Jones, Sexton & Jones, of Marshall, and Foster, Looney & Wilkinson, of Shreveport, La., and Raymond E. Buck, of Fort Worth, for appellees.

FLY, C. J. Mrs. W. T. Hardin, joined pro forma by her husband, W. S. Hardin, brought this action against appellant to recover damages arising from the death of her daughter, Miss Ethel Johnson, caused by the negligence of appellant in permitting its freight train to collide with a sleeping coach attached to its passenger train on which Miss Johnson was, at the time, a passenger. Appellant filed a general demurrer and general denial. The court instructed the jury that Miss Johnson met her death through the negligence of appellant, and that Mrs. Hardin was entitled to recover any pecuniary loss suffered by her by reason of such death. The jury was informed that they could not consider loss of society, grief or anguish of the mother, nor any cost, expense, or attorney's fee, but would consider any contributions or services that would have been given had the daughter not been killed. Appellant asked two charges to the effect that the jury should not consider contributions that might have been made by the daughter before she was 21 years of age and

a third excluding the sorrow, mental distress of the mother, or the loss of the society of the daughter. These charges were refused. The jury returned a verdict in favor of Mrs. Hardin for $7,500. There are 15 assignments of error and 18 propositions copied into the brief, so far removed from each other, as required by the Supreme Court rules, that they will not materially assist, discommode, or interfere with each other.

The evidence shows that Ethel L. Johnson was fatally injured while riding in a sleeping coach attached to a passenger train belonging to appellant through the negligence of appellant in causing or permitting its freight train to run into said sleeping coach.

[1] The first assignment claims error in the court permitting the witness Mrs. J. K. Norton to testify that the deceased assisted her mother in keeping a boarding house. Appellant in no manner seeks to associate any proposition with any assignment of error, but leaves to the court the privilege of linking any proposition with any assignment which has any semblance of likeness to it, and so, while it might be reasonably assumed that the first proposition has reference to the first assignment, we find that it does not, and have selected the third proposition as being more nearly akin to the first assignment than any other of the 18 propositions. That proposition is that testimony as to aid in keeping a boarding house some eight years before the fatal accident "was too remote, irrelevant, and immaterial." We overrule the assignment of error. The evidence was admitted to show the state of feeling of the daughter towards the mother through many years in order to form a basis for the jury to determine what the course of conduct of the daughter would have been during the coming years.

The fourth proposition seems to refer to the second assignment of error, as both seem to be objecting to evidence about Ethel Johnson, some years before her death, having given to her mother the proceeds arising from the sale of a diamond necklace. Why this was objected to does not appear in assignment or proposition, the first named stating that it was objected to for the reason set out in "defendant's bill of exceptions No. 2, here referred to and made a part hereof," and the proposition stating the evidence "should have been excluded on timely objection made by the defendant." We find in a "statement and argument under third and fourth propositions," which is carefully removed from any contact with or reference to any assignment of error, that the evidence was objected to because, "having occurred five years or more before the accident, was too remote and too irrelevant and immaterial and because it was hearsay." We do not see how an act which the witness saw could very well be hearsay, and we are unable to see upon what basis the evidence is too remote. Appellant gives no rule as to how to measure the remoteness of the testimony. The objections are without merit. The evidence was admissible to give the jury a basis for the calculation of what the mother would have obtained from the daughter had she lived.

Careful search through the 18 propositions fails to disclose any proposition which could be associated with the third assignment of error, and it is overruled. Appellant seems to have utterly forgotten and lost sight of its assignments of error, and never refers to them in proposition or statement, and for what reason they were copied into the tail end of the brief is not disclosed. They seem to serve no purpose whatever, but are ignored and forgotten. An attempt has been made to tie up the third and fourth propositions, which relate to entirely different subjects in the "statement and argument" herein referred to, but they cannot be joined together.

[2] Diligent search fails to disclose any proposition applicable to the fourth, fifth, sixth, and seventh assignments of error. However, there is no merit in the criticism of the charge. No one denied that Ethel Johnson was a passenger on the train when fatally injured, and all the testimony showed she was a passenger, and all the proof showed she was killed by negligence of appellant. The court properly assumed these uncontroverted facts. There was no assumption of any other facts. The eighth assignment is also overruled.

We find no proposition referring to the ninth and tenth assignments of error, and the voluminous "statement and argument under the seventh, eighth, ninth, and tenth propositions" throw no light on those assignments. They are overruled. The same is applicable to the eleventh assignment of error, and it is overruled.

[3] The twelfth, thirteenth, and fourteenth assignments of error seem to desire to complain of arguments made by Mr. S. P. Jones, attorney for appellees in his opening argument. If any propositions applicable to such assignments are contained in the brief appellant fails to designate them. This court is under no obligation to make a search for them and to use efforts to make the propositions dovetail with the assignments. It may be said, however, that, unless counsel are to be precluded altogether in opening their argument from anything but bouquets and compliments for the adversary, there is nothing reprehensible in the argument.

[4] The verdict is not excessive. The facts show that the deceased daughter had been exceedingly kind in her treatment of her mother, had ministered to her in sickness, comforted her at all times, and contributed very liberally to the support of the mother and imbecile brother out of her earnings as a trained nurse. She had consistently sustained this course of conduct up to

the hour of her tragic death, and this was an augury for the future which formed a basis for the verdict of the jury. It was shown that the mother would probably live 20 years longer. Upon the substantial acts of filial love in the past could be built a sure prophecy of the acts for the future. There was no evidence of contributions by the daughter to the mother before the former reached the age of 21 years, but from that time on, as stenographer and trained nurse, she devoted her life to making comfort and happiness for the mother. She gave her a little piece of real estate of the value of $600, and sold her diamond necklace and gave the proceeds to her mother. We think the testimony sustains a verdict of $7,500 as the pecuniary value of Ethel Johnson to her mother.

[5] In view of the briefs filed in this case by appellant, this court could, with propriety, have declined to consider any of the assignments of error. It was not contemplated under the new rules for briefing that an indiscriminate mass of propositions and statements should be copied into briefs without reference to the assignments, and devolve upon appellate courts strenuous efforts to co-ordinate and correlate them. The brief should decrease, and not increase, the labor of a court; it should assist, and not burden, the court in which it is filed, and this can, at least to a limited extent, be attained even under the cumbersome rules of 1922 promulgated by the Supreme Court. For a clear discussion as to what a brief should contain we refer to an opinion of this court prepared by Associate Justice Edward W. Smith, and on this day handed down in the case of Terry v. Williamson, 251 S. W. 813.

The judgment is affirmed.