### AFFLERBACH et al. v. YORKTOWN INDEPENDENT SCHOOL DIST. et al.
#### (No. 8753.)

(Court of Civil Appeals of Texas. Galveston. Feb. 11, 1926. Rehearing Denied May 27, 1926.)

1. **Appeal and error** ⊜⇒742(1)—Court cannot consider propositions of law, where brief does not show that any proposition is germane to any assignment of error (Supreme Court rule 30).

Under Supreme Court rule 30, court cannot consider propositions of law, where brief does not show that any proposition is germane to or related to or supported by any assignment of error.

2. **Appeal and error** ⊜⇒742(1)—Court cannot consider assignments of error to which no reference is made in any statement from record indicating with which assignment statement is submitted (Supreme Court rule 31).

Under Supreme Court rule 31, court cannot consider assignments of error where it cannot consider propositions of law, and where only statements from record are inserted with them and no reference is made indicating in connection with which assignment statement from record is submitted.

Appeal from District Court, De Witt County; John M. Green, Judge.

Injunction by B. Afflerbach and others against Yorktown Independent School District and others. From a judgment granting only part of the relief demanded, plaintiffs appeal. Affirmed.

Ward & Ward, of Houston, for appellants.
Sam C. Lackey, of Cuero, and Lewright & Lewright, of San Antonio, for appellees.

GRAVES, J. Appellants make this statement of the nature and result of the suit:

"This is an action, brought in the district court of De Witt county by appellants as plaintiffs against apellees, the Yorktown Independent School District, its trustees, and tax collector as defendants, seeking a permanent injunction to restrain the defendants from collecting school district taxes for the years 1921, 1922, and 1923 from plaintiffs and upon their real property situated within said school district. The plaintiffs are resident, voting taxpayers within said school district, and their lands are situated within territory covered by an extension of the boundaries of such school district by special act of the Legislature of 1921, and without the boundaries before the extension, and the specific amounts sought to be enjoined were alleged and proved.

"Upon final hearing the court granted a permanent injunction covering a part of the year 1923, represented by an arbitrary raise in valuation made by the school board after the board of equalization had adjourned, and refused plaintiffs' application for injunction for the years 1921, 1922, and that part of 1923, not embraced in the arbitrary increase enjoined.

"Plaintiffs duly excepted to the ruling of the court, gave notice of appeal, have perfected their appeal, and are now before this court."

[1, 2] At the outset the appellees present objections to our consideration of the propositions and assignments tendered here by appellants as follows:

"Appellee here now objects to any consideration by this court of the various 'propositions' and so-called 'assignments of error' set out in brief for appellants in this cause, and respectfully submits that the judgment of the trial court should be in all things affirmed for the want of a brief in behalf of appellant, such as would be in compliance with the rules of court, for the following reasons, to wit:

"First. Beginning on page 2 of said brief for appellants appear what are styled 'propositions upon which appeal is predicated,' under which appear 29 different alleged propositions of law, running from page 2 to page 7, inclusive, of said brief, but it is not made to appear in that brief, either immediately following each of said propositions or elsewhere, that any one or more of said propositions is germane to or related to or supported by any assignment of error made by appellants in the trial court and carried forward in the record and incorporated in their brief. Beginning on page 28 of such brief for appellants herein appears what is termed 'assignments of error,' under which are submitted 39 different alleged assignments of error, but it is not made to appear anywhere in said brief that any of the propositions appearing on pages 2 to 7, inclusive thereof, are in any way related to or supported by said so-called assignments of error.

"Appellees submit that this court cannot and should not consider any of the aforesaid propositions attempted to be submitted by appellants in this cause, by reason of the fact that same are submitted in flagrant violation of rule 30 relating to the preparation of briefs in this court, as promulgated and adopted by the Supreme Court, effective September 1, 1921.

"To support our contention that this court should not consider said propositions at all, we respectfully refer the court to the following authorities: Equipment Co. v. Luse et al. (Tex. Civ. App.) 250 S. W. 1104; Terry et al. v. Williamson (Tex. Civ. App.) 251 S. W. 813; Fort Worth & R. G. Ry. Co. v. Hardin et al. (Tex. Civ. App.) 251 S. W. 814; and Blakeney v. Johnson County (Tex. Civ. App.) 253 S. W. 333.

"Second. Appellees object to the consideration by this court of the so-called assignments of error attempted to be carried forward and submitted by appellants, by reason of the fact that since this court is precluded by the rules and law from considering the so-called propositions appearing on pages 2 to 7, inclusive, of the brief for appellants, and the only statements from the record in compliance with rule 31 relating to the preparation of briefs in this court, have been inserted in the brief of appellants in connection with and under the various propositions appearing on pages 2 to 7 thereof, such statements being scattered from page 8 to page 27 of the brief, and no reference being made in the submission of any such statement as to which assignment of error the same is, submitted in connection with, this court cannot ascertain whether the assignments of error, so-called, are supported by the record. Therefore, upon disregarding the propositions made by appellants, this court is precluded from looking to the merits of the assignments themselves in order to ascertain if they, in and of themselves, present sufficient propositions of law, by reason of the fact that, even if they should do so, there has been no affirmative showing in the manner provided by law and the rules of this court, that the record facts justify the propositions of law therein stated. For example, the second so-called assignment of error appearing on page 28 of the brief for appellants attempts to make the proposition of law that appellees were not entitled to recover from appellants any taxes for the year 1921, because there was no valid ordinance during that year levying such tax, and that appellants were entitled to have the collection of any alleged tax for such year enjoined. Now, even assuming this assignment to be sufficient in and of itself as a proposition of law (which is strenuously denied by appellee), in order for appellants to gain any benefit thereof, this honorable court would have to search the entire record in order to ascertain if any valid ordinance was actually levied for the year 1921. Or, if this honorable court would not absolutely be compelled to search the entire record to ascertain if the facts justified such an assignment constituting a proposition in and of itself, still, nevertheless, before appellants could gain any benefit thereof, this honorable court would have to search through the brief of appellants and carefully examine each and every 'statement' contained therein, in order to see if anywhere in

those statements appellants had stated anything from the record to support the foregoing assignment. This example, given in connection with the so-called assignment of error No. 2 above, applies with equal force to each and every one of the entire 39 assignments of error."

These objections are well taken, directly supported by the authorities cited therein, and against them—whatever might be its own disposition or preference in the matter—this court is not at liberty to consider any of the propositions or assignments so advanced; prior to the promulgation of the present rules, it was the requirement in our appellate courts, as almost numberless cases that might be cited show, that assignments submitted as in themselves constituting propositions must each be accompanied by proper subjoined statements indicating wherein the record supported them; so that here—there being no suggestion of fundamental error—as appellees insist, were this court to enter upon a consideration of any of these propositions it would have to presume them to be supported by proper assignments, while if it went direct to the assignments to determine whether or not any of them constituted propositions within themselves, it would be without an anchoring place as to any one of them in the whole sea of the record. The undissolved mass of the whole thing is illustrated in this instance by the fact that, of the 39 assignments of error incorporated in the back of the brief, only 29 propositions are advanced at the front of it as deducible from them, 10 of them thus apparently having been abandoned with no disclosure at either end as to which 10 are discarded.

There being no error pointed out of which cognizance may be taken, the judgment of the court below will be affirmed.

Affirmed.