**AFFLERBACH et al. v. YORKTOWN INDEPENDENT SCHOOL DIST. et al.**
**(No. 737–4677.)**

(Commission of Appeals of Texas, Section B. Jan. 12, 1927.)

1. Appeal and error ⬅➠742(1)—Proposition need not refer to specific assignment of error to which it is germane (Court of Civil Appeals rule 30.)

Where brief contained 29 propositions, and 39 assignments of error were copied into brief at end thereof, but none of propositions referred to specific assignment of error to which it was germane, brief should have been considered by Court of Civil Appeals, in view of Court of Civil Appeals rule 30.

2. Appeal and error ⬅➠1114—Where Court of Civil Appeals improperly refuses to consider brief and affirms judgment, cause should be remanded to that court for further consideration.

Where Court of Civil Appeals improperly refused to consider brief because propositions

⬅➠For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

did not refer to specific assignments of error to which they were germane, and affirmed judgment, proper practice was to remand cause to that court for further consideration.

Error to Court of Civil Appeals of First Supreme Judicial District.

Injunction by B. Afflerbach and others against the Yorktown Independent School District and others. From a judgment granting only part of the relief demanded, plaintiffs appealed to the Court of Civil Appeals, where judgment was affirmed in 285 S. W. 333, and plaintiffs bring error. Judgment of Court of Civil Appeals reversed, and cause remanded to that court.

Ward & Ward, of Houston, for plaintiffs in error.

S. C. Lackey, of Cuero, and Lewright & Lewright, of San Antonio, for defendants in error.

POWELL, P. J. The nature and result of this case have been fully stated by the Court of Civil Appeals. See 285 S. W. 333. That court struck out the brief filed by appellants and refused to consider it at all. Thereupon the judgment of the district court was affirmed. The Court of Civil Appeals decided that the brief violated rule 30 for the Courts of Civil Appeals as promulgated by the Supreme Court in September, 1921. Said rule reads as follows:

"Following the statement of the case there shall be stated consecutively, separately subdivided and numbered, the propositions or points upon which the appeal is predicated. These shall be germane to one or more assignments of error, or relate to fundamental error.

"The purpose of this rule is to enable counsel to state immediately and briefly, and without repetition, the questions in the case, and to acquaint the court at once with the propositions presented for decision."

In the instant brief, appellants had twenty-nine propositions briefed. Thirty-nine assignments of error were copied into the brief at the end thereof. The Court of Civil Appeals, following the construction of this rule by the Court of Civil Appeals at San Antonio, refused to consider the propositions, because neither of the latter referred to the specific assignment of error to which it was germane. It is not contended that the propositions were not germane to certain of the assignments of error. Had that been true, the rule clearly would have been violated. There is but one point to be determined by us. Will a brief be stricken because it was prepared as just stated? In other words, did the Supreme Court intend to deprive litigants of their valuable right of appeal merely because a given proposition does not refer to the specific assignment or assignments to which it is germane? We think not.

It is admitted that there is no such express requirement. The San Antonio Court gives its views in the case of Equipment Co. v. Luse, 250 S. W. 1106. We quote from that opinion as follows:

"If this process appears to the members of the bar to be too cumbersome, then they should adopt some other method of showing the relevancy of their propositions of law to their assignments of error. This burden surely rests upon counsel, and not upon the reviewing authority. It is distinctly required in rule 30 (142 S. W. XIII) that the propositions or points of law upon which an appellant relies 'shall be germane to one or more of the assignments of error, or relate to fundamental · error.' The justness and necessity of this requirement is, of course, obvious. And it is equally obvious that the burden rests exclusively upon the party to show that his propositions are germane or related to his assignments. This requirement is not expressly written into the rules, but it rests in common sense and fairness, and will be enforced in this court. And where the proponent of propositions of law urged here does not by affirmative reference show each proposition to be related or germane to specified assignments of error, it will be our policy to disregard such propositions, and go direct to the assignments and dispose of them without reference to the propositions, and in such case where such assignments do not within themselves constitute propositions, they will be regarded as waived. This rule cannot possibly work hardship, and may be complied with by counsel with the utmost ease when they prepare their briefs. On the other hand, the failure of counsel to comply with it entails a great deal of unnecessary labor upon the reviewing authority."

The case just cited by us was a county court proceeding, and did not reach the Supreme Court. The Court of Civil Appeals at San Antonio continued to follow the same rule. See Terry v. Williamson, 251 S. W. 813; Railway Co. v. Hardin, 251 S. W. 814; Blakeney v. Johnson County, 253 S. W. 333. The Supreme Court neither granted nor refused a writ of error in any of the cases except the last. In that case a writ was granted upon the importance of the questions involved. But the cause was later dismissed from the docket by agreement of the parties, and no decision was had. After thorough investigation, we think it safe to say that the question we are now to determine has never heretofore been passed upon, directly or indirectly, by the Supreme Court. Application for writ of error was dismissed for want of jurisdiction in one of the cases last cited. But the same is true of two of the cases from the Court of Civil Appeals at Beaumont, which court expressly refused to follow the San Antonio court upon this point. Evidently the particular assignments stricken or considered in either of these cases did not determine the general result of the case, and the applications were dismissed for want of jurisdiction. Believing it to be an open question in this court, we approach it as an original proposition. The writ was granted in the instant case because of the apparent con-

flict between the Courts of Civil Appeals which we have just noted.

Having already given the view of the court at San Antonio, we now quote from the opinion of the Beaumont Court of Civil Appeals in the case of Adams v. Adams, 253 S. W. 610:

"Appellants' brief was not subject to criticism on the ground that they did not relate their several propositions to specific assignments of error. The new rules relieved appellants of that burden. All that is now required, under rule 30 (230 S. W. VII), is that their propositions 'shall be germane to one or more of the assignments of error or relate to fundamental error.' In stating a proposition it is not necessary for an appellant to refer to any assignment of error as a basis therefor. If a proposition is excepted to on the ground that it is not germane to 'one or more of the assignments of error,' it then becomes our duty to examine all the assignments of error, and from such assignments pass on the merits of the exception. All of appellee's exceptions to appellants' proposition are overruled."

We quote again from the Beaumont court in the case of Lumber Co. v. Morris & Barnes, 257 S. W. 592:

"We were already aware of this holding by the San Antonio court, but, as we construe the present rules promulgated by the Supreme Court, they do not require that any proposition in a brief shall show that it relates or refers to any particular assignment of error, and we have been unable to agree with the holding of the San Antonio court in the case above mentioned. Rule 30, as promulgated by the Supreme Court, only requires that propositions found in the brief be germane to one or more of the assignments of error, or relate to fundamental error. True, it would be much more convenient and tend to the dispatch of business by the appellate courts if counsel would let their propositions show to what assignments of error they relate; but the Supreme Court, in making the rule, has not required that that be done. This court has heretofore held, in Adams v. Adams, 253 S. W. 605, that rule 30 does not require that a proposition in appellant's brief shall show to what assignment or assignments of error it relates, and we have seen no reason to change our views on that point. The motion is therefore overruled."

The Beaumont court again expressly refused to follow the San Antonio court. See Clark v. Spurdis, 258 S. W. 881.

The Galveston court followed the San Antonio court and was silent upon the rule as announced at Beaumont. No reference to the Beaumont court seems to have been made. Since the Galveston court wrote its opinion, the Court of Civil Appeals at Austin clearly expresses a preference for the rule followed by the Beaumont court. See Wright v. Maddox, 286 S. W. 609. In that case, we quote from Chief Justice McClendon as follows:

"We do not understand the construction appellant's counsel has placed upon this rule in drawing what he denominates 'points.' Each of these 'points' is a mere reference to the assignment of error to which the subjoined proposition or propositions relate. This reference, while held by some of the courts of civil appeals not to be mandatory, is helpful, and therefore proper, and the rule should be amended so as to require it, but to call the reference itself a point within the meaning of rule 30 is manifestly a misnomer."

It is true that our exact point here was not before Chief Justice McClendon in the Maddox Case. But the views of his court are clear. They think it is not mandatory, though helpful, for the propositions in the brief to refer specifically to the assignments to which they are germane.

[1, 2] We are of the view that the court at Beaumont has correctly construed this rule. Its meaning, as gathered from the words used, is clear to us. Its purposes are admirably stated in the rule itself. Under the new rules, so far as the convenience of the court is concerned, the propositions are important. The assignments are not primarily so. It is true that the former must be germane to the latter. But, in the absence of an exception by opposing counsel to the effect that the propositions are not germane to some assignment, the court could safely assume that they are germane to one or more of them. Therefore we do not think the rule announced by the Beaumont court involves any added burden on the court, unless there is such an exception filed. In that event, it would be necessary for the court to review all the assignments in order to see whether or not the exception is well taken. On the other hand, if the brief had referred to specific assignments as being germane, such an investigation would be less onerous. But the cases where exceptions are filed seem to be rare. At least, there are relatively few cases reported from the courts in the four or five years during which the rule has been operating.

It is better to inconvenience courts and attorneys than to deprive parties litigant of their valuable property rights. Under the new rule, as now promulgated, the only essential requirement is that the propositions be germane to one or more of the assignments in the brief. If they are not, they may be stricken by the Court of Civil Appeals. Otherwise they must be considered.

After all, as already indicated, from the standpoint of the court's convenience, the propositions have always been the more important portions of a brief. Our Supreme Court has, under the new rule, made "the propositions or points the basis for the brief. The two words are synonymous." See Wright v. Maddox, supra. It was quite cumbersome, under the old rules, to have an assignment and then a proposition thereunder. Both frequently contained, in a large measure, the same language. So, under the new

rules, the court desired to go to the very heart of the case and gain an insight at once into the real points in the mind of counsel. It was not important for the court to have the assignments in mind. It was merely required that some assignment be in the record which could be the basis of such a proposition. We do not believe the Supreme Court intended to deny an appeal upon any point to a litigant, for the sole reason assigned by the Court of Civil Appeals in this case. We think the brief filed by appellants in the case at bar should have been considered by that court. In a situation of this kind, the proper practice is to remand the cause to the Court of Civil Appeals for further consideration accordingly. See Barkley v. Gibbs, 227 S. W. (Tex. Com. App.) 1099.

In view of what we have said, we recommend that the judgment of the Court of Civil Appeals be reversed, and the cause remanded to that court for further consideration.

CURETON, C. J. Judgment of the Court of Civil Appeals reversed, and cause remanded to the Court of Civil Appeals for further consideration, as recommended by the Commission of Appeals.

We approve the holding of the Commission of Appeals on the questions discussed in its opinion.