## COVIN v. COVIN. (No. 1932.)

Court of Civil Appeals of Texas. Beaumont.
Jan. 1, 1930.

David E. O'Fiel and Xavier Christ, both of Beaumont, for plaintiff in error.

Blain & Jones, of Beaumont, for defendant in error.

O'QUINN, J. Gladys Covin sued her husband, Alvin D. Covin, in the district court of Jefferson county for divorce. Her petition was filed October 17, 1928. Service was by publication. The judgment recites that when the case was called for trial, no answer having been filed and no appearance having been made by the defendant, an attorney was appointed by the court to represent the absent defendant. The case was tried to the court on March 9, 1929, and judgment rendered granting plaintiff a divorce and the custody of her three minor children. No exception was taken to this judgment, nor was there any motion for a new trial. July 24, 1929, petition for writ of error and bond was filed by defendant, and the case is before us for review.

Plaintiff in error filed six assignments of error in the trial court, and they are brought forward in the brief of plaintiff in error as propositions. The first challenges the plaintiff's petition as not stating a cause of action and, therefore, subject to a general demurrer and not sufficient to form the basis of a judgment. This assignment is overruled. The action was founded on cruel treatment. While the petition was quite brief and, perhaps, subject to special exceptions, it was good as against a general demurrer.

■ The second assignment asserts that the judgment should be reversed because no attorney was appointed to represent the absent defendant, who was served by publication, as is required by article 2158, R. S. 1925. The judgment recites that an attorney was appointed to represent the absent defendant, and, there being nothing in the record to show to the contrary, it must be presumed that the record speaks the truth. The assignment is overruled.

■ The third and fourth assignments are presented and urged as showing reversible error. They relate respectively to the manner of procuring service by publication and to alleged failure to file, in the trial court, a statement of the evidence upon which the judgment was granted, approved, and signed by the trial judge, as required by article 2158, R. S. 1925. Neither of these assignments or propositions is followed by any statement from the record bearing upon the propositions, nor is there anywhere any reference to any portion of the record relating thereto, with reference to the pages of the record where the matters stated under the propositions may be found. Rule 31 of the Rules for the Courts of Civil Appeals requires that a "clear and accurate statement of the record bearing upon the respective propositions, with a reference to the pages of the record," shall be made. Because of the failure to comply with this rule, these assignments cannot be considered. However, if for any reason the assignments should be considered, then we will say that we have

carefully considered the record (the transcript, there being no statement of facts), and there is nothing to be found sustaining or supporting said assignments. The mere asserting in an assignment of a certain thing as error, followed by the stated conclusion of the pleader, asserted as a fact, which are not supported by matters found in the record, will not avail.

The fifth and sixth assignments, while brought forward in the brief, are not presented for consideration, and are therefore abandoned.

The judgment shoud be affirmed, and it is so ordered.

Affirmed.