## ANDERS v. HARTFORD ACCIDENT & INDEMNITY CO. et al.

### No. 5176.

Court of Civil Appeals of Texas. Amarillo.

June 17, 1940.

W. F. Nix, of Amarillo, for appellant.

Cantey, Hanger, McMahon, McKnight & Johnson and James C. Wilson, Jr., all of Fort Worth, and Peyton B. Randolph, of Plainview, for appellees.

FOLLEY, Justice.

This suit was filed by the appellant, Dr. P. C. Anders, a practicing physician of Plainview, Hale County, Texas, against the appellees, the Hartford Accident & Indemnity Company and the West Texas Cotton Oil Company, to recover the sum of $396.10 for medical services rendered by the appellant to one Proctor Carter who was injured while in the employment of the West Texas Cotton Oil Company at Littlefield in Lamb County, Texas. The West Texas Cotton Oil Company carried workmen's compensation insurance upon its employees in the Hartford Accident & Indemnity Company.

The insurance company paid the appellant for services rendered to the employee immediately after the injury as provided in section 7 of article 8306, R.C.S. of Texas. It was for services rendered several months later on account of the same injuries that this suit was brought. From a judgment non obstante veredicto in favor of the appellees this appeal is prosecuted.

The chief complaint of the appellant is with reference to the election of a special judge to try this cause. In his first four propositions the appellant asserts there is fundamental error apparent in the record because there was no substantial compliance with the procedure prescribed by law for the selection of a special county judge.

The copy of the court minutes appearing in the record in regard to the election of the special judge is as follows:

"On this the 21st day of July, The County Court of Lamb County, Texas, being then in session and the County Judge, Stanley Doss, being ill and unable and refusing to serve as such county judge, disqualified himself from the bench, and the practicing attorneys present did then and there open an election for special county judge; and,

"P. B. Randolph of Plainview, Texas, an attorney at law; James C. Wilson, Jr., of Fort Worth, Texas, an attorney at law; and W. F. Nix of Amarillo, Texas, an attorney at law, did participate in the election in which three ballots were cast, on each of which ballots being cast was, 'In favor of Robert Kirk, Olton, Texas, for special County Judge.'

"Before entering upon the election, the sheriff, Sam Hutson, did proclaim at the courthouse door in Lamb County, Texas, that the election of a special Judge of the County Court was about to be made by the practicing lawyers present.

"There were three ballots polled in said election, all of said three ballots being in favor of Robert Kirk for said County Judge.

"And thereupon the oath prescribed by law was duly administered to the said Robert Kirk, attorney at law, special judge elected at said election, by the clerk of said court."

Without a detailed discussion of the matter thus presented we think the above minutes of the court, in the absence of any other showing on the question, do not reveal any fundamental error, but on the contrary, show a substantial compliance with article 1934 and articles 1887–1892, R.C.S. of Texas.

By his fifth, sixth and seventh propositions the appellant contends the court erred in rendering judgment non obstante veredicto upon appellees' motion therefor. The appellees object to our consideration of these propositions because they violate the rules for briefing. These propositions do not refer to any assignments of error nor do they indicate that they are based upon fundamental error. Moreover, they are not followed by any statement from the record, or otherwise, bearing upon the propositions, nor is there anywhere any reference to any portion of the record relative thereto. Under such circumstances it is not incumbent upon this court to search the record and supply this deficiency, neither are we compelled to consider such propositions in the condition in which they are presented. Rules 24, 25, 30 and 31 of Smoot's Texas Court Rules; Terry et al. v. Williamson, Tex.Civ.App., 251 S.W. 813; Covin v. Covin, Tex.Civ. App., 24 S.W.2d 76; Blakeney et al. v. Johnson County, Tex.Civ.App., 253 S.W. 333; Stewart v. Poinboeuf et al., Tex.Civ. App., 270 S.W. 885.

The judgment is affirmed.